## 34508. WILSON *v.* THE STATE.

CARLISLE, J. Woodrow Wilson and Sherman (Shellnut?) Wilson were jointly indicted for assault with intent to murder Melvin Baker. Upon his separate trial Woodrow was found guilty and convicted as charged. His motion for a new trial, based upon the usual general grounds and two special grounds, was overruled and he excepted.

1. Special ground 2 of the motion for new trial is expressly abandoned in the brief of counsel for the defendant and is not considered. ·

2. The general grounds of the motion for new trial are neither argued nor generally insisted upon, either orally before the court or in the brief, and are treated as abandoned.

3. Although the evidence shows without contradiction that Shellnut (Sherman?) Wilson actually fired the shot which felled Baker, it is fairly inferable from the evidence that a conspiracy existed between him and Woodrow Wilson to commit the assault with intent to murder upon Baker, and "Where individuals enter into a conspiracy to commit a crime, its actual perpetration by one . . of them in pursuance of such conspiracy is in contemplation of law the act of all, and therefore imputable to all, regardless of their presence or absence at the time it is committed. *Nelson* v. *State,* 187 *Ga.* 576 (2), 580 (1 S. E. 2d, 641); *Johnson* v. *State,* 151 *Ga.* 21 (2) (105 S. E. 603); *Hill* v. *State,* 28 *Ga.* 604, 606; *Horton* v. *State,* 66 *Ga.* 690; *Handley* v. *State,* 115 *Ga.* 584 (41 S. E. 992)." *Chambers* v. *State,* 194 *Ga.* 773, 781 (22 S. E. 2d, 487). The trial court correctly instructed the jury in its charge as to the application of the theory of conspiracy to the evidence; and, in view of such charge, the defendant was not harmed by the following portions of the charge on the ground that there was no evidence that the defendant shot Baker: "I charge you here and now if you should believe under the evidence in this case that *this defendant shot the man named in the indictment,* Melvin Baker . . in this connection

I charge you that if you believe that *this defendant shot the person named in the indictment,* Baker, but you should further believe that at the time he shot him Baker was committing a felonious assault upon the person of this defendant . . and acting under the influence of those fears and not in a spirit of revenge, *this defendant shot the person named in the indictment.* . . Both having the intention at the time to fight and that under these circumstances *the defendant shot the person named in the indictment.*" Under the applicable theory of conspiracy, it was immaterial whether the shot was actually fired by the defendant or by his brother Shellnut (Sherman?) Wilson. Special ground 1 of the motion for new trial is not meritorious.

For the foregoing reasons, the trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 10, 1953.

*Stevens & Stevens,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.