D. E. WILSON v. JOSEPH BROWN KENNEDY
AND
MRS. D. E. WILSON v. JOSEPH BROWN KENNEDY AND D. E. WILSON, ADDITIONAL DEFENDANT.

(Filed 26 March, 1958)

---

WILSON v. KENNEDY.

---

**1. Automobiles § 48—**

On defendant driver's claim against plaintiff's driver for contribution in the event of recovery by plaintiff passenger, defendant is entitled to have the evidence tending to support the claim reviewed in the light most favorable to him in passing on motion to nonsuit, and nonsuit should not be allowed thereon if defendant's evidence, when so viewed, supports the allegations for contribution.

**2. Automobiles § 17—**

G.S. 20-158 (c) deals only with red and green lights at intersections outside of municipal corporate limits and is inapplicable to a traffic light within a municipality having red, green and amber lights.

**3. Evidence § 2—**

The courts will not take judicial notice of municipal ordinances.

**4. Automobiles § 17—**

Where the municipal ordinance governing traffic control signals having red, green and amber lights is not introduced in evidence, the different signals will be given that interpretation which a reasonably prudent operator of a motor vehicle should and would understand and apply; when a motorist is faced with the red traffic light, he is required to stop, when faced by the amber light, he is warned that red is about to appear and that it is hazardous to enter, the amber light being for the purpose of affording a motorist who has entered on the green light an opportunity to clear the intersection before the cross traffic is invited to enter.

**5. Same—**

A green traffic signal does not guarantee safe passage through an intersection, but the driver entering an intersection while faced with the green light must nevertheless exercise the care of a reasonably prudent person under similar conditions.

**6. Automobiles §§ 42g, 48— Evidence of plaintiff's negligence in entering intersection controlled by traffic lights held to take issue of contributory negligence to jury and present right to contribution.**

Plaintiff driver and plaintiff passenger were proceeding south on a two-lane street into an intersection controlled by traffic signals having red, green and amber lights. Defendant's car entered the intersection from plaintiffs' right from the southernmost lane of the six-lane intersecting street. In plaintiff passenger's action against defendant it was established that her injuries resulted from defendant's negligence. Computations from testimony as to the speed at which plaintiff's car was being driven and the distances involved permitted inferences that plaintiff entered the intersection after the amber light had appeared or that he entered the intersection even after the light had turned red. *Held:* The evidence was sufficient to be submitted to the jury on the question of plaintiff driver's negligence, which, if found in the affirmative, would constitute contributory negligence barring his recovery against defendant, and would entitle defendant to contribution in the payment of the claim of plaintiff passenger, and judgment of nonsuit on the claim for contribution is reversed, and a new trial is awarded in plaintiff driver's action for failure to submit the issue of contributory negligence.

APPEAL by defendant Kennedy from *Froneberger, J.,* December 1957 Civil Term, GASTON.

This litigation grows out of the collision between a Ford automobile owned and operated by plaintiff D. E. Wilson and a Nash automobile owned and operated by defendant Kennedy. The collision occurred about 3:00 p.m., Sunday, 22 January 1956, at the intersection of Franklin and Linwood Avenues in Gastonia.

Franklin Avenue. (U.S. Highway 29) runs east and west. It is sixty feet wide and is divided into six lanes for vehicular travel, three lanes for eastbound traffic and three for westbound traffic. It is intersected by Linwood Avenue, which is thirty-six feet wide. Linwood Avenue runs about fifteen degrees east of north; hence the intersection is not a right angle.

East and west traffic on Franklin Avenue is separated by a double yellow line painted on the highway. On the west side of the intersection this yellow line terminates in a concrete "island" about thirty feet long, the eastern end of which is twenty-two feet west of the projection of the western line of Linwood Avenue at the intersection. Just east of the concrete island is a crosswalk indicated by lines painted on the highway.

A line is painted on the highway to indicate the inside or northernmost lane for eastbound traffic. At and prior to the collision this lane was occupied by a large truck. A Chevrolet station wagon owned by P. E. Zachary occupied the middle eastbound lane. Defendant Kennedy, headed east, was using the south or outside lane of Franklin Avenue.

Linwood Avenue north of the intersection is a two-way highway, one for southbound traffic, the other for northbound traffic.

Movement of traffic across the intersection is regulated by traffic lights. There are four of these lights, so placed as to be readily observable to motorists traveling in each direction. The lights are arranged on a 50-second cycle, i.e., a red interval, then a green interval, then an amber interval, then back to red. Green-amber shows half of the 50-second cycle, and amber takes 2½ seconds of that interval. When green or amber is showing, red shows to opposing traffic at the intersection.

It is alleged that the traffic lights were installed and maintained in conformity with an ordinance of Gastonia. No evidence was offered to support that allegation. An employee of the electric department of Gastonia testified that he supervised the lights, and to the time intervals.

Plaintiff Wilson was traveling south on Linwood Avenue. He was driving. His wife was sitting on the front seat with him. His brother and sister-in-law were in the back seat. The Wilson car was traveling

at a speed estimated by plaintiff and his witnesses at 15, 20, or 25 m.p.h. The intersection is a 35-mile speed zone. The collision occurred in the southwestern quadrant of the intersection. The Ford was then in the southbound lane of Linwood Avenue and in front of the two southernmost eastbound lanes of traffic on Franklin Avenue.

Wilson, alleging that the collision was due to the negligent operation of Kennedy's car, seeks compensation for personal injuries and property damage· Mrs. Wilson, his wife, and a passenger in the Ford, seeks compensation for personal injuries. They allege that defendant was operating his vehicle at an excessive rate of speed, in ·excess of 35 m.p.h., that he failed to maintain a proper lookout, that ·they, the plaintiffs, entered the intersection with a green light and were practically through the intersection when Kennedy, disregarding the traffic lights, entered the intersection and ran into them. Kennedy denied all allegations of negligence. He asserted the collision was due solely to the negligence of the operator of the Ford in failing to keep a proper lookout, operating at an unlawful rate of speed, and in total disregard of traffic lights, the Ford having entered the intersection when the traffic light warned its operator not to do so. Kennedy asserted that Wilson by his negligence contributed to the injury sustained by Mrs. Wilson, and that he, Kennedy, was entitled to contribution. He also alleged that the collision was caused solely by the negligence of Wilson, operator of the Ford, and asserted a claim against him for damages to the Nash. On motion of Kennedy, Wilson was made an additional defendant. Wilson answered Kennedy's pleadings and denied any negligence on his part. He reasserted the allegations of negligence on Kennedy's part as alleged in his (Wilson's) suit against Kennedy, and by way of counterclaim asserted his right to recover his damages as asserted in his original suit. The causes were consolidated for trial. At the conclusion of defendant's evidence the court allowed the motion of additional defendant Wilson to nonsuit Kennedy's claim for contribution and Kennedy's counterclaim. He did not submit an issue of contributory negligence by Wilson, but submitted the cases to the jury on issues relating only to the negligence of defendant Kennedy and damages. The jury answered the issues as to defendant's negligence in the affirmative and assessed damages in each case. Judgments were entered for each plaintiff on the verdicts. Kennedy's counterclaim and cross-action were dismissed by nonsuits in the respective judgments. Defendant Kennedy excepted and appealed·

*Ernest R. Warren and Helms, Mulliss, McMillan & Johnston for D. E. Wilson, appellee.*

*Carpenter & Webb for defendant Joseph Brown Kennedy, appellant.*

RODMAN, J.　Defendant's exceptions do not present any question which involves the right of the plaintiff Mrs Wilson to compensation

in accord with the verdict in her case. His exceptions present only the asserted negligence of D. E. Wilson, operator of the Ford, (a) as a basis for contribution for payment of the judgment obtained by Mrs. Wilson, (b) as a bar to recovery by Wilson, the operator, of his claim for damages, (c) as the basis for liability by Wilson to defendant for damages to Kennedy's car as asserted in the counterclaim.

When the court allowed the motion of the additional defendant, Wilson, to nonsuit Kennedy's claim for contribution to compensate Mrs. Wilson for the injuries she sustained in the collision, it determined and adjudged that Wilson, the operator of the Ford, did not negligently contribute to the collision and the injuries sustained by Mrs. Wilson. If Wilson was not negligent in producing or contributing to the collision, there could, of course, be no negligence which would defeat Wilson's claim for damages; if, however, Wilson is chargeable with negligence proximately contributing to the collision, it bars Wilson's right to recover from Kennedy and entitles Kennedy to contribution for payment to Mrs. Wilson.

On Kennedy's claim for contribution he was, as to Wilson, a plaintiff, *Norris v. Johnson,* 246 N.C. 179, 97 S.E. 2d 773, and as such is entitled to have the evidence in support of his claim viewed in the light accorded plaintiffs in passing on motions to nonsuit. If the evidence, when viewed in the light most favorable to him, supports his allegations, its weight and credibility was for the jury.

Since Linwood Avenue crosses Franklin Avenue at an oblique angle, the distance through the intersection is somewhat in excess of the width of Franklin Avenue. There is evidence that the right front of the Ford and the left front of the Nash were damaged in the collision. This fact and the other testimony as to the location of the vehicles at the moment of impact would tend to indicate that the Ford had traveled perhaps as much as 50 or 55 feet across the intersection at the moment of impact. At a speed of 15 m.p.h., as fixed by the operator of the Ford, it was traveling 22 feet per second; at a speed of 25 m.p.h., a permissible inference from other testimony, it was traveling approximately 37 feet per second. At either speed he could traverse the intersection in less than four seconds.

Kennedy testified that he saw the light on his street turn green before he reached the intersection, and that he proceeded into the intersection on a green light. To his left, traveling in an easterly direction was the Zachary station wagon and the truck. They had reached the intersection ahead of him and had stopped at the crosswalk for a red light; but there is evidence to the effect that they had started to move eastwardly before Kennedy reached the intersection. Zachary, operator of the Chevrolet station wagon occupying the center lane for eastbound traffic, testified:

"When the Nash entered into the intersection, the traffic signal was green. It had been green for some period of time prior to the Nash entering the intersection. It had been green at last four seconds, and possibly as much as six or seven seconds."

Mrs. Zachary, an occupant of the station wagon testified:

"At the moment of the collision the traffic light was green for traffic traveling east on Highway #29. It had been green approximately five seconds. After the collision, the two automobiles scooted over to the corner of the intersection together, the southeast corner."

The evidence is uncontradicted to the effect that when the traffic light shows green on either Franklin or Linwood, it would show red on the other. Nor is it contradicted that when the green is followed by amber, it would continue to show red on the other avenue.

On the testimony the jury might find that Kennedy had a green light for four or five seconds before the collision. At a speed of 15 m.p.h. Wilson would have traveled in four seconds more than 85 feet after the light showed red on Linwood Avenue and 150 feet or more after the amber light first showed on Linwood Avenue. Since Wilson had only traveled 50 or 55 feet or thereabouts in the intersection when the collision occurred, the jury could find that the red light came on before Wilson reached the intersection and that the amber light came on when he was 100 feet or more north of the intersection.

True this evidence is sharply in conflict with Wilson's evidence that he entered the intersection on a green light. But if the evidence offered is sufficient to show negligence on the part of Wilson, Kennedy is entitled to have a jury ascertain the facts. There is other evidence which a jury might find sufficient to establish Wilson's negligence.

Since the jury can find from the evidence that Wilson entered the intersection when confronted with either a red or amber light, would that fact permit a jury to find that Wilson was negligent? This case is unlike *Currin v. Williams, ante,* p. 32, and *Cox v. Freight Lines,* 236 N.C. 72, 75 S.E. 2d 25. In this case no statute gives interpretation or legal effect to the traffic lights. G.S. 20-158(c) is confined to red and green lights at intersections outside of municipal corporate limits. It makes no reference to amber lights and can have no effect here since this intersection is within the corporate limits of Gastonia. What the ordinances of Gastonia provide is speculative. The evidence does not disclose. We cannot take judicial notice of municipal ordinances. *S v. Clyburn,* 247 N.C. 455.

Unaided by statute or ordinance, the meaning and force to be given to the traffic light at this intersection is that meaning which a reasonably prudent operator of an automobile should and would understand and apply. *Coach Co. v. Fultz,* 246 N.C. 523. Traffic signals of the kind

here described are in such general use that it is, we think, well known by motor vehicle operators that a red traffic light is a warning that the highway is closed in order to permit those using the intersecting highway safe passage through the intersection. Hence, prudence dictates that he should stop. The meaning of the amber light is likewise recognized. It cautions but not in the positive tones of the red light. It warns that red is about to appear, and that it is hazardous to enter. It affords those who have entered on the green light the opportunity to proceed through the intersection before the crossing traffic is invited to enter. *Jackson v. Camp & Brown Produce Co.*, 88 S.E. 2d 540 (Ga.); Blashfield Automobile Law, sec. 1040, perm. ed. The green light indicates that the motorist may proceed. It does not guarantee safe passage through the intersection. The driver accepting the invitation must continue to exercise the care of a reasonably prudent person under similar conditions.

With these meanings which the jury could apply to the traffic lights and the evidence on which a jury could find that the Ford entered the intersection when warned not to do so by a red light or when cautioned not to do so by an amber light, it was for the jury to determine whether Wilson's conduct was negligent and a proximate cause of the collision and resulting injuries. *Wright v. Pegram*, 244 N.C. 45, 92 S.E. 2d 416; *Hyder v. Battery Co., Inc.*, 242 N.C. 553, 89 S.E. 2d 124; *Cox v. Freight Lines, supra.*

If the jury determines that Wilson's negligence proximately contributed to the collision and injuries, that negligence would (1) entitle Kennedy to contribution for the payment of the judgment which Mrs. Wilson has obtained, and (2) defeat any claim which Wilson might have for injuries to his vehicle. If the jury answers the issue of Wilson's negligence in the negative, he is entitled to have the jury fix the amount of his damages.

Since the jury has ascertained, in an action in which Mrs. Wilson, the defendant Kennedy, and Wilson, the operator of the Ford, are all parties, that Kennedy negligently operated his motor vehicle, which was at least one of the causes of the collision, it necessarily follows that Kennedy is not entitled to recover of Wilson on Kennedy's counterclaim.

The judgment fixing defendant's liability to Mrs. Wilson as ascertained by the jury is affirmed. The judgment dismissing defendant's claim for contribution is reversed. The judgment imposing liability on defendant Kennedy for damages to plaintiff D. E. Wilson is erroneous.

As to plaintiff Mrs. D. E. Wilson—Affirmed

As to additional defendant D. E. Wilson—Reversed

As to plaintiff D. E. Wilson—New Trial.