MARSHALL EUGENE BLACK, PLAINTIFF v. GUY MANNERING PENLAND AND BURKE FARMERS CO-OPERATIVE DAIRY, INC., ORIGINAL DEFENDANTS AND JOE THOMAS HURST ADDITIONAL DEFENDANT.

(Filed 22 November, 1961.)

**1. Automobiles § 29—**

Where the municipal ordinance introduced in evidence restricts speed in a business district to 20 miles per hour in accord with G.S. 20-14(b) (1) but does not define a business district, what is a business district must be determined in accordance with G.S. 20-38(a) with reference to the status of frontage along the street, excluding from consideration intersecting streets or highways, and a district is a business district only when 75 per cent of the frontage along a street or highway for a distance of 300 feet is occupied by buildings in use for business purposes.

**2. Same; Automobiles § 46—**

Where the evidence is insufficient to show that the place where the accident in suit occurred was a business district as defined by statute and there is evidence that the motorist in question was traveling in excess of 20 miles per hour, an instruction in regard to negligence in exceeding the speed limit within a "business district" must be held for prejudicial error.

**3. Trial § 33—**

An instruction upon a material matter not based on sufficient evidence is erroneous.

APPEAL by original defendants from *Pless, J.,* June Term, 1961, of BURKE.

Plaintiff instituted this action against Guy Mannering Penland (Penland) and Burke Farmers Co-operative Dairy, Inc. (corporate defendant), original defendants, to recover damages for personal injuries allegedly caused by their negligence.

Answering, said original defendants denied all allegations as to their negligence, alleging plaintiff's injuries were caused solely by the negligence of Joe Thomas Hurst (Hurst). They alleged further that, if negligence on their part was a proximate cause of plaintiff's injuries, which they denied, the negligence of Hurst was also a proximate cause thereof; and, upon their motion, Hurst was made an additional party defendant pursuant to G.S. 1-240. Although personally served, Hurst filed no pleading and did not appear at the trial.

On December 28, 1959, about 6:15 p.m., plaintiff, then engaged in a telephone conversation, was in a public telephone booth at the southeast corner of the intersection of Meeting and Sterling Streets in Morganton, North Carolina. A collision occurred within said intersection between a Dodge truck owned by the corporate defendant and operated by Penland and a Ford automobile operated by Hurst. As a result of said collision, the Dodge truck struck the telephone booth and thereby caused plaintiff's injuries.

It was stipulated that Penland, on the occasion of said collision, was the agent of the corporate defendant, then acting in the course and scope of his employment.

This is the factual background: Meeting Street, 40 feet wide, runs east-west. Sterling Street, 64½ feet wide, runs north-south. Prior to collision, the Dodge truck was proceeding east on Meeting Street and Hurst was proceeding south on Sterling Street. The collision occurred near the center of said intersection. The impact was between the right front of the Ford car and the left front of the Dodge truck. A traffic light, suspended over the center of said intersection, emitted light on four sides. When the lights for traffic on Meeting Street changed from green to caution to red, the lights for traffic on Sterling Street changed from red to green, and *vice versa.*

Plaintiff's allegations as to Penland's negligence included the following: Penland drove the Dodge truck "in excess of the maximum legal speed limit of twenty (20) miles per hour in the business district in the Town of Morganton, North Carolina," at and immediately prior

to said collision, and "entered into the said intersection when the traffic control light was not green and in fact was red." As to these matters, the original defendants alleged that Penland approached and entered said intersection at a slow rate of speed and when the traffic light facing him was green. The allegations of the original defendants as to Hurst's negligence included the following: Hurst approached and entered the intersection (1) when the traffic light facing him was red, (2) at excessive speed, and (3) after the Dodge truck was within said intersection.

Additional pertinent facts will be stated in the opinion.

The court submitted, and the jury answered, these issues: "1. Was the plaintiff, Marshall Eugene Black, injured by the negligence of the defendant, Guy Mannering Penland, as alleged in the Complaint? Answer: YES. 2. Was the plaintiff, Marshall Eugene Black, injured by the negligence of the defendant Thomas Hurst, as alleged in the Answer and cross action of the defendants Guy Mannering Penland and Burke Farmers Co-operative Dairy, Inc.? Answer: YES. 3. What amount, if any, is the plaintiff, Marshall Eugene Black, entitled to recover on account of his personal injuries? Answer: $10,000.00."

With reference to the second issue, the court instructed the jury, if it should answer the first issue, "Yes," then, "as a matter of law, and under the condition of the pleadings," it would answer the second issue, "Yes."

The court entered judgment (1) that plaintiff recover from said original defendants the sum of $10,000.00 and costs, and (2) that the original defendants "have judgment over and against" Hurst for $5,000.00 and one-half of the costs. The original defendants excepted and appealed, assigning errors.

*Byrd & Byrd for plaintiff, appellee.*
*Patton & Ervin for original defendents, appellants.*

BOBBITT, J. King Street runs north-south, parallel with Sterling Street and approximately "300 or 350 feet" west thereof. Penland, traveling east on Meeting Street, crossed its intersection with King and approached and entered its intersection with Sterling.

A witness for plaintiff testified he saw the Dodge truck traveling east on the portion of Meeting Street between King and Sterling, and in his opinion the speed of the Dodge truck was then "approximately 35." An investigating police officer, a witness for plaintiff, testified Penland said "he was doing approximately 22 miles an hour at the time he entered the intersection." Defendants' evidence tended to show the speed of the Dodge truck as it approached and entered the inter-

section of Meeting and Sterling Streets was 18-20 miles per hour. Suffice to say, the speed of the Dodge truck as it approached and entered said intersection was material in determining whether Penland was negligent.

Plaintiff pleaded and offered in evidence an ordinance of the Town of Morganton adopted December 6, 1954, and in force on December 28, 1959. Section 2 thereof provides: "It shall be unlawful for any person to operate a vehicle (defined in Section 1) in the Town of Morganton in excess of the following speeds: (a) 20 miles per hour in any business district. (b) 35 miles per hour in any place other than those named in Section 2(a)." The ordinance does not define the term "business district." With reference to speed "in any business district," the ordinance is in exact accord with G.S. 20-141(b) (1).

The court instructed the jury as follows: ". . . the court instructs you that if from the evidence you find, and find by its greater weight, that this was a business section, as the court has defined that for you, that the speed limit at that place would be 20 miles an hour; and if you find by the greater weight of the evidence that the truck was traveling at a speed greater than that, that that would constitute negligence in itself."

G.S. 20-38, in part, provides: "Definitions of words and phrases.— The following words and phrases when used in this article shall, for the purpose of this article, have the meanings respectively prescribed to them in this section, except in those instances where the context clearly indicates a different meaning:

"(a) Business District.—The territory contiguous to a highway where *seventy-five per cent or more of the frontage thereon* for a distance of three hundred (300) feet or more *is occupied by buildings* in use for business purposes." (Our italics)

A "business district" is determinable with reference to the status of the frontage on the street or highway on which the motorist is traveling. Conditions along intersecting streets or highways are excluded from consideration. *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406. Whether Meeting Street, between King and Sterling, was a business district, is determinable in accordance with the rules stated in *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585.

This is the evidence as to "(t)he territory contiguous to" Meeting Street, going west from Sterling to King. On the north side: A poolroom (facing Sterling) was at the Sterling corner. Behind the "pool place," there was "a little battery shop in a small filling station." Next, there was "a large vacant area where there (were) no structures." The only other buildings in the block were "at the upper-end—the First Baptist Church facing on King Street and the educational building facing on

Meeting." On the south side: The Medlock house, a rooming house, was at the Sterling Corner. Next, there was "the place" where a doctor lived and had his office. Next, there was a large vacant area with a "greenhouse" or "flower garden building" where plants and flowers were sold. Next, on the corner opposite the First Baptist Church, there was a rooming house. There was no evidence as to the frontage occupied by buildings in use for business purposes.

Under the rules stated in *Hinson v. Dawson, supra,* the evidence was insufficient to support a finding that Meeting Street, between King and Sterling, was a business district. "It is established by our decisions that an instruction about a material matter not based on sufficient evidence is erroneous." *Childress v. Motor Lines,* 235 N.C. 522, 530, 70 S.E. 2d 558, and cases cited.

It is unnecessary to consider appellants' contention that the court's instructions as to what constitutes a "business district" were erroneous. A new trial must be awarded on the ground the evidence was insufficient to warrant any instruction in relation to Penland's negligence as to speed within a "business district."

While a new trial is awarded on the ground stated, it seems appropriate to direct attention to the fact that no ordinance of the Town of Morganton, providing for the regulation of traffic at the intersection of Meeting and Sterling Streets by means of an automatic signal control device, was pleaded or in evidence. In this connection, see *Smith v. Buie,* 243 N.C. 209, 213, 90 S.E. 2d 514, and cases cited, and *Wilson v. Kennedy,* 248 N.C. 74, 79, 102 S.E. 2d 459; also, G.S. 160-272 and G.S. 8-5.

New trial.