SAYRE *v.* THOMPSON AND THOMPSON *v.* THOMPSON.

LOUISE SAYRE v. PAULINE WATKINS THOMPSON, ABE SAYRE AND
CHARLES BRYAN COX
AND
WADE H. THOMPSON v. PAULINE WATKINS THOMPSON, ABE SAYRE
AND CHARLES BRYAN COX.

(Filed 10 July 1968.)

**1. Automobiles § 19—**

While a motorist faced with a green light is warranted in moving into
the intersection unless the circumstances are such as to indicate caution
to a person of reasonable prudence, the duty rests upon him to maintain
a reasonable and proper lookout for other vehicles in or approaching the
intersection.

**2. Same—**

The amber or yellow light cautions the operator of a vehicle that a
red light is about to appear and that it is hazardous to enter the inter-
section, and it affords to those who have entered or are entering the in-
tersection on the green light the opportunity to proceed through the in-
tersection before the crossing traffic is invited to enter.

**3. Automobiles § 57—**

Evidence tending to show that the automobile in which plaintiff was a
passenger was faced with a green light as it approached the intersection
from a westward direction, that just as it entered the intersection the
light turned to yellow, and that defendant, who had stopped for the red
light on the north side of the intersection, drove into the intersection
and struck the rear left fender of plaintiff's automobile as it was approxi-
mately in the center of the intersection, *is held* sufficient to take the issue
of defendant's negligence to the jury.

APPEAL in each case by defendant Charles Bryan Cox from *Hall,
J.,* November 1967 Civil Session, Superior Court of COLUMBUS
County.

These two civil actions were consolidated by consent of the
parties for trial. They arise out of a collision on 20 October 1965
between a 1957 Pontiac automobile owned by the defendant Abe
Sayre and operated by the defendant Pauline Watkins Thompson
and a 1965 Buick automobile owned and operated by the defendant
Charles Bryan Cox.

Plaintiff in each case is seeking to recover damages for injuries
sustained in the collision.

The plaintiff in each case was a passenger in the Pontiac auto-
mobile owned by defendant Abe Sayre and operated by defendant
Pauline Watkins Thompson.

In the case in which Louise Sayre is plaintiff the court submitted
and the jury answered the following issues:

"(1)  Was the plaintiff Louise Sayre injured by the negligence

of the defendant Pauline Watkins Thompson, agent of Abe Sayre, as alleged in the Complaint?

ANSWER: No.

(2) Was the plaintiff Louise Sayre injured by the negligence of the defendant Charles Bryan Cox, as alleged in the Complaint?

ANSWER: Yes.

(3) If so, what amount of damages, if any, is plaintiff Louise Sayre entitled to recover?

ANSWER: $3,000.00."

In the case in which Wade H. Thompson is plaintiff the court submitted and the jury answered the following issues:

"(1) Was the plaintiff, Wade H. Thompson, injured by the negligence of the defendant Pauline Watkins Thompson, agent of Abe Sayre, as alleged in the Complaint?

ANSWER: No.

(2) Was the plaintiff, Wade H. Thompson, injured by the negligence of the defendant Charles Bryan Cox, as alleged in the Complaint?

ANSWER: Yes.

(3) If so, what amount of damages, if any, is plaintiff, Wade H. Thompson, entitled to recover?

ANSWER: $3,500.00."

Judgment that plaintiff Louise Sayre have and recover of the defendant Charles Bryan Cox the sum of $3,000 and costs was entered in the Sayre case. Judgment that plaintiff Wade H. Thompson have and recover of the defendant Charles Bryan Cox the sum of $3,500 and costs was entered in the Thompson case. Defendant Cox excepted to each judgment and appealed.

*Powell & Powell by Frank M. Powell for plaintiffs Louise Sayre and Wade H. Thompson, appellees.*

*Henry & Henry by Everett L. Henry for defendant Charles Bryan · Cox, appellant.*

MALLARD, C.J. Defendant Cox contends that the trial court committed error in failing to allow his motions at the close of the plaintiffs' evidence and again at the close of all the evidence for judgment of nonsuit.

Much of defendant's brief is related to the negligence of the de-

fendant Mrs. Thompson. There was ample evidence requiring submission to the jury of the issue as to the negligence of the defendant Thompson, and the jury answered that issue in the negative after the charge of the court, to which there was no exception.

The main question presented on these appeals is whether the evidence offered by plaintiffs considered in the light most favorable to them was sufficient to warrant submission thereof to the jury as to the alleged actionable negligence of the defendant Charles Bryan Cox.

The evidence against the defendant Cox, taken in the light most favorable to the plaintiffs as we are required to do, tends to show that on 20 October 1965 the plaintiffs were riding in the automobile of Abe Sayre operated by the defendant Pauline Watkins Thompson eastwardly on Washington Street in the Town of Whiteville. Traffic was controlled at the intersection of Washington Street with Highway #701 by an electric traffic control signal which was suspended over the center of the intersection. As the Sayre automobile approached the intersection, it was faced with a green light and just as it entered the light turned to yellow. At that time there was a red light facing the defendant Cox who was stopped for the red light on the north side of the intersection on Highway #701 headed South. As the Sayre automobile proceeded through the intersection on the yellow light, the defendant Charles Bryan Cox operated his automobile into the intersection and struck the left rear fender of the Sayre automobile with the front portion of his automobile. This collision occurred approximately in the center of the intersection.

The plaintiffs alleged, among other things, that the defendant Charles Bryan Cox failed to keep a proper lookout.

The evidence taken in the light most favorable to the plaintiffs would permit, although not require, the jury to find that the defendant Cox entered the intersection on a red light while the Sayre automobile was proceeding through the intersection on a yellow light, that the defendant Cox failed to keep a proper lookout by failing to see that the Sayre automobile was already in the intersection before he entered and that such failure was the proximate cause of the collision and injuries sustained by the plaintiffs, and that no collision would have occurred if the defendant Cox had been keeping a reasonably careful lookout for the vehicle already in, and in the process of crossing, the intersection.

The defendant contends he was faced with a green light, and it is true that if faced with a green light a driver is warranted in moving into the intersection, unless the circumstances are such as to indicate caution to one of reasonable prudence. Even though the driver

is faced with a green light, however, the duty rests upon him to maintain a reasonable and proper lookout for other vehicles *in* or *approaching* the intersection. *Hyder v. Battery Co., Inc.*, 242 N.C. 553, 89 S.E. 2d 124. The meaning of the amber or yellow light is that it cautions but not in the positive tones of the red light. It warns the operator of a vehicle that a red light is about to appear and that it is hazardous to enter the intersection. However, it affords those who have entered or are entering on the green light the opportunity to proceed through the intersection before the crossing traffic is invited to enter. *Wilson v. Kennedy*, 248 N.C. 74, 102 S.E. 2d 459; *Jones v. Holt*, 268 N.C. 381, 150 S.E. 2d 759.

The evidence in this case is distinguished from *Jones v. Schaffer*, 252 N.C. 368, 114 S.E. 2d 105, the case cited and relied on by the appellant. In the *Schaffer* case the uncontradicted evidence was to the effect that the traffic signal was red when Mrs. Schaffer approached and entered the intersection. In the instant case the evidence is contradictory.

We are of the opinion and so hold that the evidence for the plaintiffs when taken in the light most favorable to them required submission of the case to the jury to determine the facts.

The defendant also contends that the trial court committed error in refusing to set the verdict aside as being contrary to the weight of the evidence and law and in failing to enter judgment notwithstanding the verdict. These have been carefully considered and are found to be without merit.

In the trial we find

No error.

BROCK and PARKER, JJ., concur.