CLARKSON, J., concurring.
SEAWELL, J., concurring in result.
New trial.
Petition for partition here on appeal at the Fall Term, 1940. See Baileyv. Hayman, 218 N.C. 175, 10 S.E.2d 667. The plaintiffs filed a petition for the sale of certain lands for partition, alleging that they, with defendant Hayman, were "the owners in fee, tenants in common, and in possession" of the lands described, setting out the alleged interests of the several parties. The defendant, answering, denied the allegation of cotenancy and of plaintiffs' ownership, alleging that he "is the owner of in fee simple, and in the sole possession" of the lands described. Defendant further pleaded that plaintiffs were barred of recovery, by reason of certain legal proceedings to which they and the defendant were parties with respect to the lands sought to be partitioned. Upon this joinder of issues, the proceeding was transferred to the civil issue docket.
At the May Term, 1939, of Dare Superior Court, the cause was referred to Hon. W. D. Pruden, who heard the matters in controversy, *Page 403 
and duly made his report, finding adversely to defendant's claim. The defendant filed pertinent exceptions, and the cause was heard beforeStevens, J., and a jury, at May Term, 1941, of Dare Superior Court.
Both plaintiffs and defendant introduced fairly voluminous documentary evidence and oral testimony in support of their contentions, consisting of deeds, judgment rolls, a will, and oral testimony and relating to establishment of boundaries, genealogy of families and devolution of title.
Issues were submitted to and answered by the jury as follows:
"1. Is the defendant solely seized and the owner and entitled to the possession of the lands described in the complaint, as alleged in the answer?
"Yes.
"2. Are the plaintiffs and the defendants tenants in common of the lands described in the complaint, as alleged in the complaint?
"No."
From judgment on the verdict plaintiffs appealed.
Upon the issues submitted the court instructed the jury as follows:
"These issues go hand in hand and I see no reason to talk about them severally and every reason to talk about them, one in conjunction with the other." "The burden of these two issues is upon the plaintiffs to satisfy you that the defendant is not sole seized of this property, and to satisfy you that they are tenants in common with the defendant in this tract of land contended for in this action along with the plaintiffs."
While the second issue, under the pleadings and evidence, is the one that should be submitted to the jury, and while the submission of two issues may have resulted in some inexactness of phrase relative to the burden of proof, it would seem that the charge, taken in its entirety upon the subject, should not be held for reversible error.
Be that as it may, the charge contains inadvertent expressions of opinion which entitle the plaintiff to a new trial. C. S., 564; S. v.Rhinehart, 209 N.C. 150, 183 S.E. 388; Carruthers v. R. R., 215 N.C. 675,2 S.E.2d 878.
The manner of stating the contentions of the parties, if indicative of the court's opinion, is within the prohibition of the statute. S. v. Hart,186 N.C. 582, 120 S.E. 345. The following expressions appear in the recitation of the defendant's contention: "The defendant contends that . . . it is humanly impossible, as a matter of common knowledge, *Page 404 
that any portion of the lands . . . should have been known in 1925 as the Richardson tract . . . that this conclusion is induced, if not compelled, by the circumstances surrounding the execution of the Markham deed . . . also unequivocally appears from the evidence offered both by the plaintiffs and the defendant . . . the evidence discloses no earthly reason why any portion . . . should have been known . . . as the Richardson tract . . . the evidence whereby it is sought to locate the so-called Richardson tract . . . proceeds wholly, or almost wholly, from interested parties . . . being either plaintiffs or close relatives of the plaintiffs . . . Defendant contends that Adam Etheridge is the arch conspirator in this scheme to wrest from him lands he justly owns . . . that Adam's actions speak louder than Adam's words, and that this suit . . . represents no more nor less than another attempt on his part to wrest from Hattie Dough, or the defendant as her successor in title, lands to which neither he nor his coplaintiffs have any just or even colorable title . . . that it makes no difference whether the Warren A. Dough referred to in these deeds was or was not the husband of Abi Dough, since from the mere fact that he was her husband, it would not follow that her heirs and his heirs were the same — there being no evidence to show in this case that either Abi Dough or Warren A. Dough, her husband, was not married more than once."
These expressions, in their warmth and vigor, though stated in the form of contentions, were calculated to impress the jury with the strength of the defendant's position and the weakness of the plaintiffs'. "There must be no indication of the judge's opinion upon the facts, to the hurt of either party, either directly or indirectly, by words or conduct." Bank v.McArthur, 168 N.C. 48, 84 S.E. 39. It can make no difference in what way or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, or by the general tone and tenor of the trial. The statute forbids an intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury. "Every suitor is entitled by the law to have his cause considered with the `cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury." Withers v.Lane, 144 N.C. 184, 56 S.E. 855.
For the reasons stated there must be a
New trial.