JOHN A. HYDER v. ASHEVILLE STORAGE BATTERY COMPANY, INC.

(Filed 21 September, 1955.)

**1. Automobiles § 18j—**

In determining whether there is sufficient evidence of contributory negligence to be submitted to the jury, the evidence must be considered in the light most favorable for defendant.

**2. Automobiles § 8i—**

A motorist faced with a municipal traffic control signal showing red is required to stop before entering the intersection.

**3. Same—**

Where a motorist stops in obedience to the red signal of a traffic control system, he is warranted, upon the signal turning green, in entering the intersection, and, in the absence of anything sufficient to give him notice to the contrary, is not under duty to anticipate that a motorist approaching along the intersecting street facing the red light will fail to stop, but nevertheless he is under duty to anticipate and expect the presence of others and to maintain a reasonable and proper lookout for other vehicles in or approaching the intersection, and may not go blindly forward in sole reliance on the traffic control signals.

**4. Automobiles §§ 18h (3), 18j—Evidence held sufficient to require submission of issue of contributory negligence to jury, but not to warrant nonsuit on that issue.**

The evidence favorable to defendant tended to show that plaintiff stopped in obedience to a red traffic control signal at an intersection, waited for the light to turn green, and then entered the intersection and was struck when the front of his car had reached the center lane of the one-way intersecting street by a truck approaching from his right along the intersecting street. The evidence further tended to show that the traffic control signal was out of order so that facing plaintiff the green light would appear several seconds before the full interval for changing lights, and both the red and green lights would appear momentarily at the same time on the side facing plaintiff, that plaintiff moved into the intersection immediately upon seeing the green light facing him without looking to his right or paying any heed to the traffic, and that had he looked he could have seen the approaching truck in time to have avoided the collision. *Held:* The evidence is sufficient to require the submission of the issue of contributory negligence to the jury, but does not justify nonsuit on the issue of contributory negligence as a matter of law.

**5. Trial § 6—**

The provisions of G.S. 1-180 prohibiting expressions of opinion by the trial judge as to the sufficiency of the evidence are not confined to formal instructions to the jury but include the expression of any opinion at any time during the trial which is calculated to prejudice either party.

**6. Same—**

The evidence in this case was sufficient to require the submission of the issue of contributory negligence to the jury. *Held:* Remarks of the trial

court, in the hearing of the jury, to the effect that the court saw no sufficient evidence of contributory negligence to be submitted to the jury, and, later, that the court had some doubt about the issue, but would submit it, must be held for prejudicial error as an expression of an opinion by the court as to the sufficiency of the evidence.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Pless, J.,* at January Term 1955 of HENDERSON.

This was an action to recover damages for injury to property resulting from a collision of motor vehicles, alleged to have been caused by the negligence of the defendant.

The collision occurred in a business district in the city of Asheville, at the intersection of College Street and Lexington Avenue, about 2:30 p.m. on a clear day, 29 September, 1954. College Street is an east-west thoroughfare, 36 feet wide with 3 traffic lanes, one-way west. Lexington Avenue runs north and south and is 18 feet wide south of College Street. Business buildings close to the street are on both corners of Lexington Avenue. Over its intersection hung an electric traffic control light.

Plaintiff with his wife beside him was driving a Dodge automobile north on Lexington Avenue. As he approached the intersection with College Street, he testified he observed the signal light facing him was red and he stopped just south of the cross-walk lines; that when he saw the light turn green he started across and had moved but a short distance when his wife exclaimed, "Look out, that truck is 'going to hit us' "; that he jammed his brakes and saw defendant's Ford pick-up truck coming from the east on College Street at 40 or 50 miles per hour. The driver of the truck swerved sharply to the right but the rear fender of the truck struck the front of plaintiff's automobile causing substantial damage. The front of plaintiff's automobile was in the center lane of College Street when struck,—17 feet from the south curb of College Street.

There was some evidence tending to show that the traffic control light as it would appear to one traveling north on Lexington Avenue was at the time out of order, so that "every third or fourth time it would not work—the light would stay green on College and would be red and green on Lexington at same time . . . the light came on 7 seconds too early."

Plaintiff testified that as soon as he saw the green light come on he drove forward. When asked on cross-examination whether he saw the traffic light facing him show both red and green at the same time for several seconds, he replied, "I could not answer that; all I know the

light changed and I was not paying any more particular attention than to know it was green on my side and seeing the reflection of red on the other side, naturally not expecting anything like that was not paying too much attention and according to law I moved off."

During the taking of testimony, and in the presence and hearing of the jury, the court made inquiry as to the issues, and when counsel for the defendant suggested the "usual issues" of negligence and contributory negligence, the court said: "Frankly, Mr. Meekins, I do not see any evidence in the case that would warrant the submission of an issue of plaintiff's contributory negligence. The Court is of the opinion that the evidence relating to the defective signal light relates more to the issue of the negligence of your client, the defendant, than it has any bearing on an issue of contributory negligence. I just don't think an issue of contributory negligence arises in the case. I would like to hear you on that." . . . "Gentlemen of the jury, you will understand that we are discussing a matter of law and that it does not concern the merits of the case."

Later, at the close of all the evidence the court said: "I have been thinking about it, and while the court has some doubt about an issue of contributory negligence being proper, I will give you the benefit of the doubt, Mr. Meekins."

The jury for their verdict answered the issue as to defendant's negligence "Yes": As to plaintiff's contributory negligence "No," and assessed plaintiff's damages at $600.00.

From judgment on the verdict defendant appealed.

*Arthur J. Redden and L. B. Prince for plaintiff, appellee.*
*Meekins, Packer & Roberts for defendant, appellant.*

DEVIN, J.   It is not controverted that there was evidence of negligence on the part of the driver of defendant's truck, but the appellant contends the comments of the trial judge, spoken in the presence and hearing of the jury, with respect to the sufficiency of the evidence to warrant submission of an issue as to plaintiff's contributory negligence, constituted an expression of opinion as to the evidence, prohibited by G.S. 1-180.

The plaintiff takes the position, however, that there was no evidence of contributory negligence on his part sufficient to be submitted to the jury, and hence the judge's comments even if they be considered improper (which is not conceded) were in no wise prejudicial to the defendant.

Was there evidence of any negligence on the part of the plaintiff proximately contributing to the injury complained of?

For the determination of this question, under the rule, the evidence must be considered in the light most favorable for the defendant.

There was evidence tending to show that on the occasion alleged the plaintiff driving his automobile north on Lexington Avenue approached the intersection with College Street, a three-lane thoroughfare, over which the city maintained electrically controlled traffic signals, and in obedience to the warning of a red light stopped before entering the intersection. As soon as the green light appeared plaintiff moved forward, and the front of his automobile had reached the center lane of College Street when it was struck by defendant's truck coming from his right being driven at a speed variously estimated at from twenty-five to fifty miles per hour.

The defendant's evidence tended to show that at the time the defendant's truck approached the intersection the light on College Street was green. As College Street was a one-way much traveled street, the duty would be imposed upon the motorist approaching the intersection from the south on Lexington Avenue to anticipate that vehicles would be approaching the intersection from his right. From the defendant's evidence and such of plaintiff's evidence as was favorable to the defendant the inference is permissible that the plaintiff failed to look to his right or to pay heed to the traffic before moving into the intersection, when by looking he could have seen the approaching truck in time to avoid collision. The front of plaintiff's automobile had reached the center lane of College Street when it was struck by the oncoming truck. It would seem from plaintiff's testimony that he moved into the intersection without paying any attention to traffic and did not see defendant's truck until he heard his wife's exclamation. Significant also is the evidence from city employees that the signal light facing the street on which plaintiff was moving was found to be out of order so that at times when the red light was on, the green light would also appear several seconds before the full interval for changing lights, resulting in both red and green lights appearing on the side facing plaintiff.

Unquestionably it is the duty of the driver of an automobile approaching a street intersection, when faced with a municipally maintained traffic signal showing red, to stop before entering. It is also true that if faced with a green light the driver is warranted in moving into the intersection, unless the circumstances are such as to indicate caution to one of reasonable prudence. Notwithstanding the driver is faced with green light, however, the duty rests upon him to maintain a reasonable and proper lookout for other vehicles in or approaching the intersection. *Cox v. Freight Lines*, 236 N.C. 72, 72 S.E. 2d 25; *Seiner v. Toye Bros. Yellow Cab Co.*, 18 So. 2d 189.

"Automobile drivers may not, ordinarily, assume that the intersection is clear simply because of appearance of green traffic signal light." *Duke v. Gaines,* 224 Ala. 519.

The duty of a driver at a street intersection to maintain a lookout and to exercise reasonable care under the circumstances is not relieved by the presence of electrically controlled traffic signals, which are intended to facilitate traffic and to render crossing less dangerous. He cannot go forward blindly even in reliance on traffic signals. 4 Blashfield, p. 244. The rule is well stated in 60 C.J.S. 855 as follows:

"A green traffic light permits travel to proceed and one who has a favorable light is relieved of some of the care which otherwise is placed on drivers at intersections, since the danger under such circumstances is less than if there were no signals. However, a green or 'go' light or signal is not an absolute guarantee of a right to cross the intersection solely in reliance thereon without the necessity of making any observation and without any regard to traffic conditions at, or other persons or vehicles within, the intersection. A green or 'go' signal is not a command to go, but a qualified permission to proceed lawfully and carefully in the direction indicated. In other words, notwithstanding a favorable light, the fundamental obligation of using due and reasonable care applies."

"The fact that the operator of a motor vehicle may have a green light facing him as he approaches and enters an intersection where traffic is regulated by automatic traffic control signals, does not relieve him of the legal duty to maintain a proper lookout, to keep his vehicle under reasonable control . . ." *Cox v. Freight Lines, supra.*

The driver of an automobile is under no duty to anticipate negligence on the part of others in the absence of anything which should give notice to the contrary, and the law does not impose on a driver facing a green light the duty to anticipate that one approaching along the intersecting street facing a red light will fail to stop. But this does not absolve him from keeping a reasonable lookout for vehicles in or approaching the intersection at excessive speed. The rule of ordinary prudence prevails. He must anticipate and expect the presence of others.

After giving due consideration to the evidence set out in the record, and without discussing it further, we reach the conclusion that the defendant was entitled to have the issue of contributory negligence submitted to the jury without unfavorable comment from the court as to the sufficiency of the evidence to support it.

The defendant's motion for judgment of nonsuit on the ground that contributory negligence affirmatively appeared from plaintiff's evidence was properly overruled. The question was one for the jury. *Hampton*

*v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637.

The provisions of G.S. 1-180 prohibiting expressions of opinion by the trial judge as to the sufficiency of the evidence are not confined to formal instructions to the jury but include the expression of any opinion at any time during the trial which is calculated to prejudice either party. *S. v. Oakley,* 210 N.C. 206, 186 S.E. 244; *Bailey v. Hayman,* 220 N.C. 402, 17 S.E. 2d 520; *Starling v. Cotton Mills,* 171 N.C. 222, 88 S.E. 242; *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855.

While the able and experienced trial judge was doubtless inadvertent to the fact at the time that the members of the jury were listening to and probably influenced by his remarks, nevertheless we think they were prejudicial, and that the defendant is entitled to a

New trial.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.