## JOHN G. STATHOPOULOS v. VERNON LEONARD SHOOK.

(Filed 14 October, 1959.)

**1. Evidence § 1: Pleadings § 24—**

The courts will not take judicial notice of a municipal ordinance, and ordinarily an ordinance must be properly pleaded before it may be introduced in evidence.

**2. Appeal and Error § 7: Pleadings § 22b—**

Where a pertinent municipal ordinance is not pleaded but is introduced in evidence over defendant's objection, the Supreme Court may in its discretion allow plaintiff to allege the ordinance by amendment, so as to obviate the objection to the admission of the ordinance in evidence, there being no suggestion that defendant was taken by surprise and there being no substantial change in plaintiff's claim by reason of the amendment. G.S. 1-163, G.S. 7-13, Rules of Practice in the Supreme Court, No. 20(4).

**3. Negligence § 19c—**

Nonsuit on the ground of contributory negligence may be granted only when the evidence taken in the light most favorable to plaintiff establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom.

**4. Trial § 22c—**

Discrepancies and contradictions, even in plaintiff's evidence, do not justify nonsuit, since discrepancies and contradictions in the evidence are to be resolved by the jury.

**5. Automobiles § 17—**

While a person entering an intersection facing a traffic control signal giving him the right of way remains under duty to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner so as not to endanger or be likely to endanger others upon the highway, nevertheless, in the absence of anything which gives or should give him notice to the contrary, he is entitled to assume and act on the assumption that other motorists will observe the rules of the road and yield him the right of way.

**6. Automobiles § 42g— Evidence held insufficient to show contributory negligence as matter of law in failing to see that defendant's vehicle would not stop in observance to traffic signal.**

Plaintiff, traveling on a four lane street intersecting another four lane street, entered the intersection while facing a flashing yellow signal. Defendant, entered the intersection from plaintiff's right, faced with a flashing red signal, and struck the right side of plaintiff's vehicle after it had passed the center of the intersection. A municipal ordinance introduced in evidence prescribed that motorists facing a flashing yellow signal might proceed through the intersection with caution, and that motorists facing a flashing red signal should stop, and be governed by the rules applicable to stop signs. The evidence considered in the light most favorable to plaintiff tended to show that plain-

tiff did not see defendant's vehicle until plaintiff was in the intersection, that defendant approached the intersection at some 35 miles per hour and did not decrease speed, and was about 100 feet from the intersection when plaintiff entered the intersection. *Held:* Considering the evidence in the light most favorable to plaintiff it does not show contributory negligence as a matter of law, since it does not appear that plaintiff, had he looked, would or could have seen that defendant's car would not or could not stop in time to have avoided the collision.

**7. Appeal and Error § 41—**

Where a fact is established by abundent competent evidence the admission of incompetent evidence tending to prove the same fact may not be held prejudicial.

**8. Appeal and Error § 40—**

A technical error will not justify a new trial when it is apparent that the error could not have materially affected the outcome and did not amount to a denial of any substantial right.

HIGGINS, J., not sitting.

APPEAL by defendant from *Froneberger, J.,* May 18, 1959 Schedule "B" Term, of MECKLENBURG.

Civil action to recover on account of personal injuries and property damage allegedly caused by the negligence of defendant, growing out of an automobile collision on Sunday, February 9, 1958, about 2:00 a.m., at the intersection of Seventh Street and Hawthorne Lane in Charlotte.

The intersecting streets were approximately the same width. Each (36-40 feet wide) had four traffic lanes, two (each 8-10 feet wide) for traffic in each direction.

Plaintiff, driving a Ford car east on Seventh Street, approached and entered the intersection in the eastbound traffic lane next to the center line of Seventh Street. Defendant, operating a Pontiac north on Hawthorne Lane, approached and entered the intersection about the center of his right half of Hawthorne Lane, partly in each of the northbound traffic lanes. Plaintiff's car had passed the center of Hawthorne Lane and was struck, on its right-hand side — just behind the front fender, by defendant's car.

The City of Charlotte had placed an automatic traffic control signal at this intersection. After 12:30 a.m., it operated, as a blinker light, in this manner: Facing east-west traffic along Seventh Street, a yellow light flashed. Facing north-south traffic along Hawthorne Lane, a red light flashed. These lights were so operating on the occasion of the collision.

An ordinance of the City of Charlotte, Chapter 2, Section 25, of the City Code, provided:

"FLASHING SIGNALS. Whenever flashing red or yellow signals are used they shall require obedience by vehicular traffic as follows:

"(a) Flashing red (Stop Signal). When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or at a limit line when marked, and the right to proceed shall be subject to the rule applicable after making a stop at stop sign.

"(b) Flashing yellow (Caution Signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or along said street or highway past such signal only with caution."

The jury answered issues of negligence and contributory negligence in favor of plaintiff and awarded damages. Judgment was entered in accordance with the verdict. Defendant excepted and appealed, assigning errors.

*Plumides & Plumides for plaintiff, appellee.*
*Kennedy, Covington, Lobdell & Hickman for defendant, appellant.*

BOBBITT, J.   While he alleged the location and operation of the automatic traffic control signal placed in the intersection by the City of Charlotte, plaintiff did not allege the city ordinance. Ordinarily, before legal rights may be predicated thereon, there must be both allegation and proof of such ordinance. *Smith v. Buie,* 243 N.C. 209, 90 S.E. 2d 514; *Lutz Industries, Inc., v. Dixie Home Stores,* 242 N. C. 332, 343, 88 S.E. 2d 333; *Wilson v. Kennedy,* 248 N.C. 74, 102 S. E. 2d 459; G.S. 160-272.

In *Cox v. Freight Lines,* 236 N.C. 72, 79, 72 S.E. 2d 25, it was held that the defect (failure to plead the ordinance) in the plaintiffs' pleadings was aided and cured by the allegations in defendant's answers. Here defendant did not plead Chapter 2, Section 25, of the City Code. He did plead Chapter 2, Section 40; but this was not offered in evidence. Its provisions are not relevant to this appeal. Defendant alleged, *inter alia,* that plaintiff "was approaching an intersection where there was a flashing traffic light facing him," as relevant to the alleged contributory negligence of plaintiff.

Plaintiff offered Chapter 2, Section 25, of the City Code. Defendant objected. The sole ground of objection was that the ordinance had not been pleaded. In determining the issues, the provisions of the ordinance were of major importance. The court, upon plaintiff's motion or *ex mero motu,* might have permitted plaintiff to amend so as to plead the ordinance. G.S. 1-163. There was no suggestion that de-

fendant was taken by surprise or that such amendment would substantially change plaintiff's claim. However, there was no motion for, or order granting, such leave to amend. The court simply overruled defendant's said objection. Thereafter, the trial proceeded in all respects, including the court's instructions to the jury, as if the ordinance had been properly pleaded and admitted in evidence.

Plaintiff, in this Court, moved for leave to amend his complaint so as to plead the ordinance. In the circumstances, this Court, in its discretion and in furtherance of justice, has allowed the motion. G.S. 7-13; Rule 20(4), Rules of Practice in the Supreme Court, 221 N.C. 544, 557. Plaintiff has filed a proper amendment. Hence, defendant's assignments of error relating to the introduction of the ordinance and to portions of the charge based thereon are overruled.

The principal question is whether the court erred in overruling defendant's motion for judgment of nonsuit.

There was plenary evidence that defendant was confronted by the red signal light when he approached and entered the intersection; that he failed to stop in obedience thereto; and that in so doing he violated the ordinance and otherwise failed to exercise due care. Defendant's contention is based solely on the ground that the evidence offered in behalf of plaintiff (the defendant did not testify or offer evidence) established that plaintiff was contributorily negligent as a matter of law.

Judgment of involuntary nonsuit on the ground of contributory negligence should be granted when, but only when, the evidence, taken in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. *Currin v. Williams,* 248 N.C. 32, 102 S.E. 2d 455, and cases cited. Discrepancies and contradictions in the evidence, even though such occur in the evidence offered in behalf of plaintiff, are to be resolved by the jury, not by the court. *White v. Lacey,* 245 N.C. 364, 96 S.E. 2d 1; *Cozart v. Hudson,* 239 N.C. 279, 78 S.E. 2d 881, and cases cited.

In *Wright v. Pegram,* 244 N. C. 45, 92 S. E. 2d 416, *Higgins, J.,* states the rule established by prior decisions as follows: ". . . a motorist facing a green light as he approaches and enters an intersection is under the continuing obligation to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner as not to endanger or be likely to endanger others upon the highway. *Ward v. Bowles,* 228 N.C. 273, 45 S.E. 2d 354. Nevertheless, in the absence of anything which gives or should give him notice to the contrary, a motorist has the right to assume and to act on the assumption that another motorist will observe the

rules of the road and stop in obedience to a traffic signal." *Cox v. Freight Lines, supra; Hyder v. Battery Company, Inc.,* 242 N.C. 553, 89 S.E. 2d 124; *Troxler v. Motor Lines,* 240 N.C. 420, 82 S.E. 2d 342.

The mere failure of plaintiff to observe traffic conditions on Hawthorne Lane is insufficient to establish his contributory negligence as a matter of law. Whether such failure to look was a proximate cause of the collision depended upon whether, if he had looked, what he would or should have seen was sufficient to put him on notice, at a time when plaintiff could by the exercise of due care have avoided the collision, that defendant would not stop in obedience to the red light. Plaintiff was chargeable with notice of what he would have seen had he exercised due care to keep a proper lookout. *Currin v. Williams, supra; Marshburn v. Patterson,* 241 N. C. 441, 85 S. E. 2d 683; *Smith v. Buie, supra.*

Defendant does not challenge any of these well established legal principles. Notwithstanding, he contends the evidence discloses that plaintiff was contributorily negligent as a matter of law.

Plaintiff testified, in substance, as follows: That he was driving 20-25 miles per hour along Seventh Street; that, as he approached and entered the intersection, he slowed down and then drove 15-20 miles per hour; that he first saw defendant's car when he (plaintiff) was in the intersection, beyond the center line of Hawthorne Lane; that defendant's car was 30-36 feet from him when he first saw it; and that defendant was "coming fast" from his (plaintiff's) right, "probably making 55 or 60 miles an hour."

Plaintiff offered H. W. Hollifield, a disinterested witness, who, driving eastwardly along Seventh Street, was 100-150 feet behind plaintiff as plaintiff approached the intersection. Hollifield testified, in substance, as follows: That he could see across the park area at the southwest corner of the intersection; that he first saw defendant's car when it was some 300 feet from the intersection; that defendant was traveling 35-40 miles per hour; that defendant did not stop or decrease his speed before entering the intersection; and that defendant's car was between 50 and 100 feet, "close to 100 feet," from the intersection when plaintiff entered the intersection. On cross-examination, Hollifield testified, in effect, that he "thought" the cars of plaintiff and defendant would collide *if they kept going at the same speeds.*

According to plaintiff's testimony, there were trees and a recreation building in the park area at the southwest corner of the intersection. Defendant contends that this testimony has no probative value in view of Hollifield's testimony as to what he actually saw. Be that as it may, and without further recital of the testimony, we

think it must be conceded that plaintiff, by the exercise of due care, could have seen defendant's car for an appreciable distance as it approached the intersection.

If the speed of defendant's car was 55-60 miles per hour, as plaintiff's testimony tends to show, and plaintiff could have observed defendant's car traveling *at this speed* for a distance of some 300 feet as it approached the intersection, there would be sound basis for the view that plaintiff could and should have observed that defendant could not or would not stop in obedience to the red traffic light. While the jury might have so found the facts, to have so found would have required acceptance of the portion of Hollifield's evidence favorable to defendant and rejection of the portion thereof favorable to plaintiff. As to the issue of contributory negligence, the evidence most favorable to plaintiff may be stated as follows: Defendant approached the intersection at 35-40 miles per hour and did not decrease his speed. He was "close to 100 feet" therefrom when plaintiff entered the intersection, and was 30-36 feet therefrom after plaintiff had crossed the center line of Hawthorne Lane.

When the evidence is considered in the light most favorable to plaintiff, we cannot say that the only reasonable inference or conclusion that may be drawn therefrom is that defendant was operating his car in such manner as to put plaintiff on notice, at a time when plaintiff could by the exercise of due care have avoided the collision, that defendant could not or would not stop in obedience to the red light. We conclude that it was proper to submit the issue of contributory negligence to the jury.

There is no need to restate what was said in *Currin v. Williams, supra,* as to the factual situations involved in *Hyder v. Battery Company, Inc., supra; Wright v. Pegram, supra; Troxler v. Motor Lines, supra; Cox v. Freight Lines, supra;* and *Marshburn v. Patterson, supra.* Although no yellow light was involved, the factual situation in *Wright v. Pegram, supra,* is quite similar to the present factual situation. However, this distinction is noted: In *Wright v. Pegram, supra,* the light facing the defendant did not turn red until he had nearly reached the intersection.

We have not overlooked the fact that the ordinance provides that a motorist, confronted by a yellow light, may proceed through the intersection "only with caution." While the yellow light gave notice to plaintiff that he was approaching an intersection, we do not think the ordinance may be interpreted so as to deprive plaintiff of his legal right, within the limits of the principles stated above, to assume that defendant would stop in obedience to the red light. Whether due care

or caution was exercised by plaintiff was for determination by the jury in relation to all existing circumstances. It is noted that the traffic signal here involved differs from that involved in *Wilson v. Kennedy, supra,* where the yellow light constituted a warning that the red light was about to appear.

While there are factual differences, the decision in *Allega v. Eastern Motor Express Co.* (Pa.), 105 A. 2d 360, cited by defendant, substantially supports defendant's present position. However, prior decisions in this jurisdiction impel a different result.

The evidence tended to show: Plaintiff was knocked unconscious. He was taken from the scene of collision to a hospital. He regained consciousness the next morning, that is, daylight on Sunday, February 9th. On Monday, February 10th, he was examined by Dr. Harry Winkler. From then until July 15, 1958, and on two occasions thereafter, he was under treatment by Dr. Winkler. Dr. Winkler testified as to plaintiff's injuries and his treatment thereof.

The court overruled defendant's objection to a hypothetical question asked by plaintiff's counsel and answered by Dr. Winkler, relating to whether, in Dr. Winkler's opinion, the injuries for which he treated plaintiff were caused by the collision. We agree that the court erred in overruling defendant's objection. Defendant properly preserved exception to the court's ruling. Yet all the evidence as to plaintiff's injuries indicates without serious question that the injuries for which plaintiff was treated by Dr. Winkler were caused by the collision. In the circumstances, we are of opinion that the erroneous ruling did not materially prejudice defendant.

As stated by *Parker, J.,* in *In re Will of Thompson,* 248 N. C. 588, 598, 104 S.E. 2d 280: "Technical error is not sufficient to disturb the verdict and judgment. The burden is on the appellant not only to show error, but to show prejudicial error amounting to the denial of some substantial right; or to phrase it differently, to show that if the error had not occurred, there is a reasonable probability the trial might have been materially more favorable to him."

Each of defendant's other assignments of error has been carefully considered. Suffice to say, none discloses error deemed sufficiently prejudicial to constitute a sound basis for awarding a new trial.

No error.

HIGGINS, J., not sitting.