HARVEY LEE LEONARD v. HERMAN GARNER AND WILLIAM PHILO ELLIOTT.

(Filed 2 November, 1960.)

1. **Negligence § 26—**
   Nonsuit on the ground of contributory negligence is proper only when the evidence taken in the light most favorable to plaintiff establishes plaintiff's contributory negligence so clearly that no other reasonable inference may be drawn therefrom.

2. **Trial § 22c—**
   Contradictions and discrepancies, even in plaintiff's own evidence, are for the jury to resolve and do not warrant nonsuit.

3. **Automobiles § 42g—**
   Evidence tending to show that plaintiff, traveling along the servient highway, stopped before entering intersection, saw no traffic approaching, and was over half way across the intersection when struck by defendant's truck traveling at excessive speed, *is held* insufficient to establish contributory negligence on the part of plaintiff as a matter of law, since whether plaintiff had reasonable ground for belief that he could cross in safety, and whether he could have seen and apprehended in time to have avoided the collision that defendant's vehicle was not going to stop, are questions for the jury upon the evidence.

APPEAL by plaintiff from *Johnston, J.*, April Civil Term, 1960, of DAVIDSON.

Plaintiff's action is to recover damages for personal injuries and property damage resulting from a collision that occurred October 3, 1959, about 9:00 a.m., at the intersection of North Salisbury and

East Fourth Streets in Lexington, North Carolina, between a 1948 Chevrolet automobile owned and operated by plaintiff and a 1958 Chevrolet truck owned by Herman Garner and operated by William Philo Elliott.

Plaintiff alleged the collision was caused by the negligence of Elliott while operating the truck as agent for Garner. Defendants, in a joint answer, admitted that Garner's truck, while operated by Elliott, collided with plaintiff's Chevrolet at said intersection, but denied the collision was caused by the negligence of Elliott and denied that Elliott was operating the truck as agent for Garner. For a further defense, defendants pleaded the contributory negligence of plaintiff in bar of his right to recover.

At the conclusion of plaintiff's evidence, judgment of involuntary nonsuit, dismissing the action and taxing plaintiff with the costs, was entered. Plaintiff excepted and appealed.

*Stoner & Wilson and Robert L. Grubb for plaintiff, appellant.*
*Walser & Brinkley for defendants, appellees.*

BOBBITT, J. Whether the evidence, when considered in the light most favorable to plaintiff, was sufficient to require submission of the case to the jury, is the only question for decision.

It was stipulated that the collision "occurred within the residential area of the city of Lexington."

There was evidence tending to show: In approaching and entering the intersection, defendants' truck traveled north on Salisbury Street and plaintiff's car traveled east on Fourth Street. A stop sign was located on the south side of Fourth Street, sixteen feet and six inches back (west) from the intersection. Plaintiff stopped "just past the Stop sign," between the stop sign and the intersection, "about 5 or 6 feet from the intersection." He could then see "around 400 feet of North Salisbury Street to the south and to the north . . . about 300 to 400 feet." He looked both ways, saw that Salisbury Street was clear of traffic, then started and was proceeding slowly across Salisbury Street "at about 8 or 10 miles an hour." The front of defendants' truck struck the right side of plaintiff's car. The front of plaintiff's car was then in the "east third of the east side of Salisbury Street."

As to the alleged negligence of defendants, there was evidence tending to show: Elliott, the driver of the truck, first saw plaintiff's car when it had reached *the center* of Salisbury Street. He then applied his brakes and "slid" into plaintiff's car. The truck, after skid-

ding 42 feet, struck plaintiff's car with sufficient force to knock it some 20 to 25 feet through the air. During the 50-60 feet before the impact, the speed of the truck was "40 to 45 miles per hour."

There was ample evidence to support a finding as to defendants' alleged negligence. Even so, defendants insist plaintiff's testimony discloses contributory negligence as a matter of law.

Judgment of involuntary nonsuit on the ground of contributory negligence should be granted when, but only when, the evidence taken in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Discrepancies and contradictions in the evidence, even though such occur in the evidence offered in behalf of plaintiff, are to be resolved by the jury, not by the court. *Stathopoulos v. Shook*, 251 N.C. 33, 36, 110 S.E. 2d 452, and cases cited.

Tested by these well established rules, we are of opinion, and so hold, that the issue of contributory negligence, upon the evidence presented, was for determination by the jury. The factual situation in *Matheny v. Motor Lines*, 233 N.C. 673, 65 S.E. 2d 361, cited and stressed by defendants, is materially different from that here considered. Applying the rules stated in *Matheny*, and considering the evidence in the light most favorable to plaintiff, whether plaintiff, when he started his car and proceeded into said intersection, had reasonable ground for the belief that he could cross in safety, was for jury determination. Also, whether plaintiff thereafter, by the exercise of due care, should have seen the approach of defendants' truck *and* that it was not going to slow down to permit him to complete the crossing at a time when plaintiff, by the exercise of due care, could have avoided the collision, was for jury determination. *Stathopoulos v. Shook, supra*, p. 37, and cases there cited.

Having reached the conclusion that the judgment of involuntary nonsuit should be reversed, we deem it appropriate to refrain from further discussion of the evidence presently before us. *Tucker v. Moorefield*, 250 N.C. 340, 342, 108 S.E. 2d 637, and cases cited.

Reversed.