L. L. FURR v. JAMES A. OVERCASH.

(Filed 3 May, 1961.)

**1. Negligence § 26—**

Nonsuit for contributory negligence is proper only when the evidence in the light most favorable to plaintiff establishes contributory negligence so clearly that no other reasonable inference or conclusion can be drawn therefrom.

**2. Automobiles § 42f—**

Evidence tending to show that plaintiff was driving a tractor pulling a grain combine along the highway after sundown but before dark, that headlights were burning on the tractor and its tail light shining on the combine, that plaintiff, upon seeing defendant's car approaching down the center of the highway, pulled his machine to the right as far as possible with the right wheels of the tractor in the ditch, but leaving the left side of the combine some six inches to the left of the center of the 25 foot highway, *is held* insufficient to show contributory negligence as a matter of law on the part of plaintiff in causing a collision of the car with the combine.

**3. Automobiles § 24—**

Defendant's evidence that the width of the combine pulled by plaintiff's tractor along the highway exceeded 10 feet does not bring the vehicle within the purview of G.S. 20-116 (j) when plaintiff's uncontradicted evidence tends to show that the combine, as adjusted by him for travel upon the highway, had a width of only 9 feet 11 inches.

APPEAL by defendant from *Gwyn, J.,* at January 1961 Term of CABARRUS.

Civil action to recover damages to a grain combine.

On 9 September 1959, the plaintiff, L. L. Furr, was driving an Allis-Chalmers tractor which was pulling a grain combine. He was traveling in a westerly direction on Roberta Church Road which is a country dirt road and approximately 25 feet wide. The defendant, James A. Overcash, was traveling along said Roberta Church Road in an easterly direction. As the two vehicles met there was a collision between

the plaintiff's combine and the defendant's automobile,— the automobile striking the left side of the combine.

Plaintiff instituted this action alleging negligence on defendant's part in that (a) he operated his automobile at a high and reckless rate of speed; (b) failed to keep a proper lookout; (c) failed to keep automobile under proper control, and (d) failed to keep on his right-hand side of the road.

Defendant denies these allegations and alleges that the plaintiff was contributorily negligent in that (a) he violated G.S. 20-116 (j) ; (b) failed to keep a proper lookout, and (c) failed to properly light the combine.

Evidence was introduced by both parties and the case was submitted to the jury, and the jury returned a verdict in favor of the plaintiff, awarding him $400.00.

To judgment entered in accordance therewith the plaintiff excepts and appeals to the Supreme Court, and assigns error.

*W. S. Bogle for plaintiff appellee.*
*Hartsell, Hartsell & Mills, J. Maxton Elliott for defendant appellant.*

WINBORNE, C.J. The determinative question in case on appeal is predicated upon exceptions to the trial court's denial of defendant's motion for judgment as of nonsuit first made at the close of plaintiff's evidence and aptly renewed at the close of all the evidence. Indeed, the defendant states in his brief that: "The only question involved on this appeal is whether the plaintiff was guilty of contributory negligence as a matter of law."

Nonsuit for contributory negligence is proper only when plaintiff proves himself out of court considering the evidence in the light most favorable to the plaintiff and giving to him the benefit of every reasonable intendment thereon and inference therefrom. *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804; *Arvin v. McClintock,* 253 N.C. 679, 118 S.E. 2d 129.

"Only when plaintiff proves himself out of court is he to be nonsuited on the evidence of contributory negligence." *Lincoln v. RR,* 207 N.C. 787, 178 S.E. 601; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

Upon trial the plaintiff, as shown by the record, testified in pertinent part substantially as follows: "We pulled out into the road and started home between sundown and dusk dark. Just as I got into the road and got straightened out I seen this car coming up the road between three and four hundred yards, and I seen that he was driving in the middle of the road, and I said to myself I be-

lieve that fellow is going to hit me. I pulled into the ditch against the bank with my tractor, and just as I stopped he plowed into me. His car turned around crossways of the road and slid back in behind me 50 or 75 feet— tore the machine up. The whole bar and the frame was all warped, no satisfaction of being fixed where it would work. At the time of the impact the machine was sitting six inches on the right side of the road— over half of the road to pass. I saw Mr. Nichols measure the road. The road was straight for a quarter of a mile each way. * * * It was light enough to see anybody in the road. I had the lights on my tractor. The tail light on the tractor was shining on the machine. The automobile was coming up the road around 30 or 40 miles an hour and when I seen the automobile it was in the middle of the road. It didn't move over. I kept my eye right on it * * * The tractor was in the ditch on the right-hand side and one wheel of the combine was in the ditch on my right. The left-hand portion of the combine lacked six inches of being to the center of the road. I saw it measured."

And on re-direct examination the plaintiff said: "The machine is not the same width in the field as on the highway, we always move it over about two feet to hitch. It is not as wide on the highway as in the field."

Harold Furr, who was an eye witness to the collision, testified for the plaintiff: "I got in my truck sitting in the driveway fixing to pull out. I could see all the way. He hit right in the middle. He was driving right down the middle of the road. I said to myself, 'He'll run over that combine.' I saw Overcash coming two or three hundred yards down the road. In my opinion he was making about 45 at the time of the impact. He had done and stopped. I seen him. He pulled plumb over to the right as far as he could get and stopped. I ran down and asked if anybody hurt. I asked him what was his trouble, if he didn't see the combine. He said one of the kids was crying and he was trying to show the tractor to keep him from crying and he didn't see the combine. It was a little bit after sundown. It wasn't dark. With the tail piece on the combine I will say it is maybe ten feet wide."

Plaintiff in rebuttal testified: "I went to measure the combine at dinner time and the combine with the hood turned up is 9 feet and 11 inches. I measured it with a tape measure."

Looking at this evidence in the light most favorable to the plaintiff, it tends to raise these inferences:

First, that the plaintiff, L. L. Furr, was driving his tractor on the right-hand side of the road between sundown and dusk, but it

was not dark. That the road was straight for a quarter of a mile each way.

Second, that the headlights were burning on the tractor and there was a light shining on the combine.

Third, that the plaintiff saw the defendant's automobile approaching him down the center of the road, and he, the plaintiff, pulled his machine to the right side of the road as far as possible to avoid the collision.

Fourth, that the left side of the combine lacked six inches of being to the center of the road, and that the combine had a width of 9 feet 11 inches.

It would seem, therefore, that when the evidence of plaintiff is considered in the light of the well established rules of this Court, that the lower court did not err in refusing the defendant's motions for nonsuit. The record in the present case fails to reveal evidence which would require a finding that the plaintiff failed to perform his duty in any of the particulars alleged and from which this Court can hold, as a matter of law that the plaintiff was contributorily negligent. As stated by *Bobbitt, J.,* in *Leonard v. Garner,* 253 N.C. 278, 116 S.E. 2d 731: "Judgment of involuntary nonsuit on the ground of contributory negligence should be granted when, but only when, the evidence taken in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Discrepancies and contradictions in the evidence, even though such occur in the evidence offered in behalf of plaintiff, are to be resolved by the jury, not by the court. *Stathopoulos v. Shook,* 251 N.C. 33, 36, 110 S.E. 2d 452 * * * ."

The defendant further contends that the plaintiff violated G.S. 20-116 (j), which constitutes negligence *per se.* This statute regulates the movement of certain farm equipment (including combines) along the highways which exceed 10 feet in width. However, this contention is untenable because there is no evidence in the record that the plaintiff's combine exceeded 10 feet in width so as to bring this case within the purview of G.S. 20-116 (j). The plaintiff's evidence taken in the light most favorable to him shows that the combine was 9 feet 11 inches in width while being moved upon the road. The defendant's evidence tends only to show the width of the combine when in actual operation and not when being moved along the highway.

Therefore, the conclusion is that the case was one to be resolved by a jury, and not one of law to be decided by the court. For reasons stated, in the judgment below there is

No error.