GEORGE W. BASS v. THELMA JOHNSON LEE, H. P. LEE AND ALVER BASS.

(Filed 16 June, 1961.)

1. **Automobiles § 17—**

    The fact that a motorist is faced by a green traffic control signal at an intersection does not warrant him in going forward blindly in reliance on the signal, but he remains under duty to maintain a lookout and to exercise reasonable care under the circumstances.

2. **Automobiles § 27—**

    The fact that a motorist is travelling within the speed limit fixed by law does not relieve him of the duty of reducing his speed when approaching an intersection or when special hazards exist with respect to pedestrians or other traffic. G.S. 20-141(a) (c).

3. **Automobiles §§ 41g, 43— Evidence of concurring negligence of drivers resulting in collision at intersection held for jury.**

    Plaintiff passenger was injured in a collision at an intersection con-

trolled by traffic lights. The evidence tended to show that both cars approached the intersection at the same time, each travelling about 35 miles per hour, and that each driver could see the other vehicle when he was 75 feet from the intersection. Plaintiff testified to the effect that as the vehicle in which he was riding approached the intersection the traffic light facing him was green, that he saw the other vehicle to his left when 75 feet from the intersection and, when he was 40 feet from the intersection, warned the driver of the car in which he was riding of its seeming heedless approach, but that the driver did not slacken speed or take any action to avoid collision. The evidence further tended to show that the driver of the other vehicle did not see the car in which plaintiff was riding until the moment of impact, but that in reliance on the green traffic light which he asserted faced him, he proceeded on into the intersection. *Held:* Plaintiff's evidence is sufficient to be submitted to the jury on the issue of negligence of each driver and support recovery from both on the theory of concurring negligence.

**4. Torts § 3—**

Where plaintiff sues both defendants for negligent injury, the right of contribution is determined by the statute, and neither defendant may set up a plea for contribution against his co-defendant. G.S. 1-240.

**5. Torts: Negligence § 20—**

Where plaintiff sues two defendants to recover for negligent injury, a covenant not to sue executed by one of the defendants in favor of the other is not germane to plaintiff's action, and allegations in regard thereto are mere surplusage in relation to plaintiff's action, and the pleading of such covenant may not be read to the jury or evidence thereof introduced upon the trial.

BOBBITT, J., concurring in result.

APPEAL by defendants Thelma Johnson Lee and Alver Bass, from *Nimocks, J.,* October Civil Term 1960 of HARNETT.

The plaintiff instituted this action to recover for personal injuries sustained in an automobile collision which occurred at the intersection of North Clinton Avenue and East Edgerton Street in the Town of Dunn, Harnett County, North Carolina, on Sunday, 7 June 1959, about 12:15 p.m. Both of these streets are paved and each one is 44 feet wide, measuring from curb to curb.

The plaintiff was a guest passenger in the Ford automobile owned and being operated at the time of the collision by defendant Alver Bass. The other automobile involved was owned by defendant H. P. Lee and was being operated at the time of the collision by his mother, defendant Thelma Johnson Lee. The Bass automobile was traveling south on North Clinton Avenue and the Lee car was traveling west on East Edgerton Street when the collision occurred approximately in the center of the intersection, underneath a traffic light which controlled traffic at this particular intersection.

Plaintiff alleges in his complaint that the concurring negligence of both drivers, Alver Bass and Mrs. Lee, the latter acting as agent and servant of H. P. Lee, was the proximate cause of the injuries he sustained in the collision.

Essentially, the plaintiff alleges that defendant Mrs. Lee operated her car (1) against the traffic control signal and entered the intersection at a time when the signal was red for the purpose of stopping vehicles traveling on East Edgerton Street, in violation of the ordinances of the Town of Dunn and the laws of the State of North Caroline, (2) "without keeping a proper and careful lookout"; (3) that she failed "to keep said vehicle under reasonable control to enable her to bring same to a stop at said intersection, and did fail to yield the right of way at said intersection to the * * * automobile owned and being operated by Alver Bass"; and (4) that she operated said automobile "at a speed greater than was reasonable and prudent under the circumstances and conditions then existing."

The plaintiff alleges that defendant Bass operated his car (1) without keeping a proper and careful lookout; (2) that he failed "to keep his car under proper and reasonable control, and to operate said automobile in a careful and cautious manner"; (3) that he operated said car "at a speed greater than was reasonable and prudent under conditions then existing"; and (4) "notwithstanding the fact that he (Bass) had the green light, he failed to see the defendant Thelma Johnson Lee's disobedience to the traffic light in time to avoid the collision, which he could have done * * * by the exercise of reasonable care."

The plaintiff testified as follows: "On Sunday, June 7, 1959, I was riding in a Ford automobile driven by Alver Bass, traveling south on North Clinton Avenue, and as we were approaching the intersection of East Edgerton Street and North Clinton Avenue * * * at approximately 75 feet before entering * * * I observed another Ford automobile, traveling from east to west on East Edgerton Street, and as I glanced up this traffic light was green at the time I saw it. When I saw this car approaching the intersection from East Edgerton Street * * * I noticed that neither party was making any effort to stop whatsoever, so when the car that I was riding in got approximately 40 feet from the stop light, I hollered, 'Look out.' I said, 'Look out, Alver,' to Mr. Bass here. He didn't do anything. They both kept going and the cars hit together under the stop light. Mrs. Thelma Johnson Lee was driving the other car.

"When I first saw the automobile being operated by Mrs. Thelma Johnson Lee I was approximately 75 feet from the stop light. Thelma Johnson Lee was approximately the same distance, 75 feet. Alver Bass

did not apply any brakes. He did not make any effort to stop. He did not slow down.

"I don't think Thelma Johnson Lee applied any brakes. She did not slow down. She did not stop until the collision.

" * * * I was approximately 40 feet from the intersection when I hollered, 'Look out.' * * * He did not apply any brakes. I don't know where he looked. * * * He did not change his direction of travel or slow down.

"The light was green the only time I observed it. I was then approximately 75 feet from the intersection. When I saw that car approaching I did not take my eyes off of that car until it hit the car I was riding in."

The evidence tends to show that Mrs. Lee was operating her automobile at approximately 35 miles an hour, and that defendant Alver Bass was operating his car at a speed of approximately 30 or 35 miles an hour.

The plaintiff offered other evidence tending to show that the light was red on East Edgerton Street when defendant Mrs. Lee entered the intersection, while defendant Mrs. Lee offered evidence tending to show that the light was red on North Clinton Avenue and green on East Edgerton Street at the time she entered the intersection. Mrs. Lee testified: "That Ford automobile driven by Mr. Bass just came up in front of me. I didn't see it in time to stop. At the time that I entered the intersection, I didn't see it. * * * As I approached the light it was green and I proceeded to go on across * * *." On cross-examination, this witness testified: "I did look to the right to see what was coming. I didn't see anybody. * * * This car that I ran into on the side came from the right. I never saw it until I hit him."

It was stipulated by counsel for each party that there was at the time of the collision out of which this cause of action arose, an electric traffic control signal erected over the center, or approximate center, of the intersection of North Clinton Avenue and East Edgerton Street, which traffic light was a three-panel light carrying the colors red, amber and green, and that the said traffic light was erected and maintained by the Town of Dunn pursuant to an ordinance duly enacted by the Town Board, and at the time of the collision such traffic control signal was in good order and was working properly.

It was further stipulated by counsel for the respective parties that the automobile driven by Thelma Johnson Lee was owned by H. P. Lee and was being operated at the time of the collision by Thelma Johnson Lee with his knowledge, consent and permission. ⸴

The following issues were submitted to the jury and answered as indicated.

"1. Was the plaintiff injured and damaged by the negligence of the defendant, Thelma Johnson Lee, as alleged in the complaint? Answer: Yes.

"2. Was the defendant, Thelma Johnson Lee, operating the 1954 Ford of H. P. Lee as the agent of H. P. Lee and in the course and scope of her employment? Answer: No.

"3. Was the plaintiff injured and damaged by the negligence of the defendant, Alver Bass, as alleged in the complaint? Answer: Yes.

"4. What amount of damages, if any, is George W. Bass entitled to recover? Answer: $9,000.00."

From the judgment entered on the verdict the defendants Thelma Johnson Lee and Alver Bass appeal, assigning error.

*Wilson & Bain for appellee.*
*Teague, Johnson & Patterson for appellant Lee.*
*Robert B. Morgan; Fletcher, Lake & Boyce for appellant Bass.*

DENNY, J.   Each of the appealing defendants assigns as error the failure of the court below to sustain their respective motions for judgment as of nonsuit, made at the close of plaintiff's evidence and renewed at the close of all the evidence.

According to the evidence, there was a brick building at the northeastern intersection of North Clinton Avenue and East Edgerton Street; that one approaching the intersection from the north on North Clinton Avenue, when he reached a point 75 feet from the traffic light he could see a distance of 75 feet from the traffic light on East Edgerton Street. Likewise, one approaching the intersection from the east on East Edgerton Street, when he reached a point 75 feet from the traffic light he could see a distance of 75 feet from the traffic light on North Clinton Avenue.

There can be no question about the fact that these defendants entered the intersection at about the same time. Neither can there be any doubt about the fact that while each of these defendants traveled the last 75 feet before colliding with each other a few feet north of the center of the intersection, they could have seen each other approaching the intersection if they had looked and observed what they could and should have seen *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330; *Taylor v. Brake*, 245 N.C. 553, 96 S.E. 2d 686; *Norris v. Johnson*, 246 N.C. 179, 97 S.E. 2d 773. Moreover, the evidence tends to show that when the defendant Bass was 40 feet from the stop light or 40 feet from the intersection (the plaintiff testified to both distances), the plaintiff warned him by saying, "Look out, Alver"; and the evidence further tends to show that the defendant Bass, notwithstanding

this warning, made no effort to determine whether or not the defendant Mrs. Lee was going to stop and yield the right of way to him, nor did he apply his brakes, slow down, or make any attempt whatever to avoid the collision.

It is true the plaintiff alleged that the defendant Bass entered the intersection on a green light, but the testimony of the plaintiff himself, in support of his allegation in this respect, on direct examination, was that, "The light was green the only time I observed it. I was then approximately 75 feet from the intersection." On cross-examination he testified: "The first and only time that I saw the light that was controlling traffic in that intersection was when I was about 75 feet from it. At that time it was green for traffic on North Clinton Avenue. From then on I was watching for a collision to occur. I was not looking at the light at the time of impact." It then becomes a question as to whether or not these defendants were guilty of negligence in entering the intersection without exercising reasonable care to determine whether or not the entrance into such intersection could be made with safety. The evidence tends to show that both appellants had sufficient time to stop before the collision if they had observed one another's presence as soon as their presence could and should have been observed. In fact, the testimony of the plaintiff himself was to the effect that each car was being driven so that it could have been brought to a stop in less than 40 feet.

In the case of *Hyder v. Battery Co., Inc.,* 242 N.C. 553, 89 S.E. 2d 124, the plaintiff, operator of a vehicle, stopped for a red traffic light. When he saw the light change, he started across the intersection, but he had only gone a short distance when his wife exclaimed, "Look out, that truck is going to hit us." The plaintiff jammed on his brakes and stopped, with the front of his automobile 17 feet into the intersection when the collision occurred. The plaintiff testified that he was not paying any particular attention, except to the green light. This Court held that the evidence warranted the submission of an issue as to the plaintiff's contributory negligence.

In the instant case, there is no evidence as to whether or not the defendant Alver Bass ever observed the traffic light or the approaching automobile operated by Mrs. Lee. He elected to offer no evidence in the trial below.

This Court said in the last cited case: "The duty of a driver at a street intersection to maintain a lookout and to exercise reasonable care under the circumstances is not relieved by the presence of electrically controlled traffic signals, which are intended to facilitate traffic and to render crossing less dangerous. He cannot go forward blind-

ly even in reliance on traffic signals. 4 Blashfield, p. 244. The rule is well stated in 60 C.J.S., 855 as follows:

" 'A green traffic light permits travel to proceed and one who has a favorable light is relieved of some of the care which otherwise is placed on drivers at intersections, since the danger under such circumstances is less than if there were no signals. However, a green or "go" light or signal is not an absolute guarantee of a right to cross the intersection solely in reliance thereon without the necessity of making any observation and without any regard to traffic conditions at, or other persons or vehicles within, the intersection. A green or "go" signal is not a command to go, but a qualified permission to proceed lawfully and carefully in the direction indicated. In other words, not withstanding a favorable light, the fundamental obligation of using due and reasonable care applies.' "

" 'The fact that the operator of a motor vehicle may have a green light facing him as he approaches and enters an intersection where traffic is regulated by automatic traffic control signals does not relieve him of his legal duty to maintain a proper lookout, to keep his vehicle under reasonable control * * *.' *Cox v. Freight Lines, supra* (236 N.C. 72, 72 S.E. 2d 25)." *Funeral Service v. Coach Lines,* 248 N.C. 146, 102 S.E. 2d 816; *Williams v. Funeral Home,* 248 N.C. 524, 103 S.E. 2d 714; *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543.

In *Currin v Williams,* 248 N.C. 32, 102 S.E. 2d 455, the automobile of the plaintiff and the automobile of the defendant collided under a stop light in the Town of Rocky Mount, North Carolina. The plaintiff had the green light and the defendant ran the red light. Plaintiff was traveling 15 to 20 miles an hour and the defendant was traveling 20 miles an hour. Plaintiff did not look to his right or to his left, but he could see the "broadness" of the street ahead. Plaintiff could have stopped within 10 feet. This Court said the plaintiff was not contributorily negligent as a matter of law, but that the issue was properly submitted to the jury as to the contributory negligence of the plaintiff. Likewise, in the factually similar cases of *Wright v. Pegram,* 244 N.C. 45, 92 S.E. 2d 416, and *Stathopoulos v. Shook,* 251 N.C. 33, 110 S.E. 2d 452, this Court held the respective plaintiffs not guilty of contributory negligence as a matter of law but that the issue of contributory negligence in each case was properly submitted to the jury.

It was established in the trial below that the speed limit fixed by law on the streets in the area involved in the present action was 35 miles per hour. There was no evidence tending to show that either of the appellants exceeded this limit. Even so, it is provided in G.S. 20-141, subsection (a) that, "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the

conditions then existing." It is further provided in subsection (c) of the same statute, as amended, that, the fact that the speed of a vehicle is lower than that fixed by statute "Shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection * * * or when special hazard exists with respect to pedestrians or other traffic * * * and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway, and to avoid causing injury to any person or property either on or off the highway, in compliance with legal requirements and the duty of all persons to use due care." *Butler v. Allen*, 233 N.C. 484, 64 S.E. 2d 561.

In our opinion, the plaintiff's evidence when considered in the light most favorable to him, as it must be on a motion for judgment as of nonsuit, was sufficient to carry the case to the jury against both appellants, and we so hold. These assignments of error are overruled.

The plaintiff in instituting this action alleged that the defendant Bass and the defendants Lee were jointly and concurrently negligent in causing the collision out of which his injuries arose. The answer of the defendants Lee alleged that the collision was caused solely by the acts of negligence of the defendant Bass. In a further answer and defense the defendants Lee alleged that if they are responsible for negligently causing the collision and the plaintiff's injuries, which they expressly denied, these defendants would be entitled to contribution from the defendant Bass in accordance with the General Statutes of North Carolina, § 1-240.

The defendant Bass filed a reply to the further answer of the defendants Lee, denying the allegations as to contribution. Thereafter, the defendants Lee paid the defendant Bass $465.00 for personal injuries and damage to property resulting from the collision involved in this action and obtained from Bass a covenant not to sue. When this cause came on for trial, the defendant Bass moved to amend his reply to the further answer and defense of the defendants Lee, in order to plead the covenant not to sue executed by the defendant Bass. The trial judge allowed the motion to amend, over the objection of the plaintiff and the defendants Lee, but refused to allow the reply as amended to be read to the jury. The court held that the execution of the covenant not to sue, which was stipulated by counsel for the several defendants, "constituted a matter of law for the court." Defendant Bass excepted to this ruling and assigns it as error.

Under the decisions of this Court, in an action against two defendants as joint tort-feasors, one of such defendants is not authorized to set up a plea for contribution against his co-defendant. *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82.

In the instant case, since the plaintiff made out a case against both defendants, and the jury found that defendant Mrs. Lee and defendant Bass were guilty of negligence as alleged in the complaint, and a joint and several judgment was entered on the verdict, any right of contribution as between these defendants does not arise on this appeal. Furthermore, the covenant not to sue defendants Lee, executed by defendant Bass, had no bearing whatever on the liability of these defendants to the plaintiff herein. It was stipulated in the covenant not to sue that payment of the amount therein recited was not to be an admission of liability on the part of the Lees.

The plaintiff stated a cause of action against both defendants and procured his judgment on the cause of action alleged; therefore, the allegations of defendants Lee with respect to contribution, and the allegations of the defendant Bass with respect to the covenant not to sue, were mere surplusage and had no bearing on the cause of action alleged by the plaintiff. Moreover, we hold that to have permitted the defendant Bass to read his amended reply to the jury, or to have permitted him to introduce the covenant not to sue in evidence, would have been prejudicial to the plaintiff and to the defendants Lee. *Ramsey v. Camp*, 254 N.C. 443, 119 S.E. 2d 209, and cited cases.

The appellants have set out in the record more than 50 assignments of error very few of which have been brought forward and discussed in the respective briefs. However, a careful examination of these assignments leads us to the conclusion that no prejudicial error that would justify a new trial has been shown by either appellant.

In the trial below, we find

No error.

BOBBITT, J., concurring in result. For the reasons stated in the dissenting opinion in *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82, it is my opinion that, when two defendants are sued as joint tort-feasors, one defendant may, under G.S. 1-240, allege a cross action against his codefendant *for contribution* with reference to the amount, if any, of plaintiff's recovery from the defendant who asserts such cross action. In all other respects, I concur in the Court's opinion.