RICHARD L. BEATTY, AN INFANT, BY HIS NEXT FRIEND, LEONARD I. BEATTY v. EDWIN WELLS BOWDEN.

(Filed 10 October 1962.)

1. **Automobiles § 17—**

The fact that a motorist is faced with a green traffic control signal at an intersection does not warrant such motorist in entering the intersection blindly in reliance upon the signal, but he remains under duty to maintain a lookout and to exercise reasonable care under the circumstances, since the green signal is not a command to go but a qualified privilege to proceed with the care of a reasonably prudent man under the circumstances.

2. **Automobiles § 41g—**

Evidence tending to show that when plaintiff's vehicle entered the well-lighted intersection defendant's vehicle was approximately 900 feet from the intersection, and that when plaintiff turned his vehicle to the left and entered defendant's lane of travel, defendant's car was still some 400 feet from the intersection, that the highway had two lanes of travel in the direction in which the vehicles were proceeding, and that defendant did not slacken speed until it was too late to avoid collision, *is held* to preclude nonsuit.

3. **Appeal and Error § 42—**

Repeated instructions to the effect that if the jury should find that defendant was guilty of acts of negligence which were a proximate cause of the accident to answer the issue of contributory negligence in the negative, rather than in the affirmative, must be held for prejudicial error.

APPEAL by plaintiff from *Parker, J.,* February Term 1962 of CRAVEN.

This is an action instituted by the plaintiff to recover for personal injuries, allegedly resulting from the negligence of the defendant, when the defendant's 1958 Chevrolet automobile collided with the Volkswagen automobile driven by the plaintiff.

The collision occurred about 10:40 p.m. on 1 June 1961 at the intersection of U.S. Highway No. 70 with N. C. Highway No. 101 within the Town of Havelock, North Carolina.

U.S. Highway No. 70 runs generally eastwardly and westwardly through the Town of Havelock and has two traffic lanes on each side of the center line or median thereof and an inside turning lane for left turning at each corner next to the median strip or island. The island is about six and one half feet wide. These left turning lanes at the intersection have been provided for by taking part of the median area between the east and westbound lanes. N.C. Highway No. 101 runs in a southwesterly and northeasterly direction and runs diagonally across U.S. Highway No. 70.

The plaintiff introduced evidence tending to show the following facts. The plaintiff was driving the Volkswagen automobile westwardly on U.S. Highway No. 70. He stopped at the intersection in the left-hand turning lane in obedience to a traffic light which was red. When the light turned green the plaintiff proceeded into the intersection and turned left to enter N.C. Highway No. 101; the turn necessitated crossing the two eastbound traffic lanes of U.S. Highway No. 70. At the time plaintiff started his car after the light had turned green, the defendant's car was about 900 feet west of the intersection. The plaintiff proceeded at a speed of ten to fifteen miles an hour and as he was about to cross the southernmost eastbound traffic lane of U.S. Highway No. 70, the defendant's automobile struck the plaintiff's Volkswagen and knocked it about two car lengths, seriously injuring the plaintiff. The collision occurred near the southwestern intersection of the two highways.

The evidence further tends to show that the area was well lighted from business establishments nearby and by street lights. At least two blocks west of this particular intersection there is a service or access street on each side of U.S. Highway No. 70 and these service or access streets have no access to the highway except at street intersections. The speed limit on U.S. Highway No. 70 through the Town of Havelock, according to the testimony of Ray Boyd, a deputy sheriff, is and was 35 miles per hour.

Walter Lynn Hadley, a Marine stationed at Cherry Point, North Carolina, testified that he and Calvin Luther Threat were following the Volkswagen on U.S. Highway No. 70 and pulled behind the plaintiff's car while it was stopped for the red light. The witness testified that they were going to the Jet Drive-In which is located on N.C. Highway No. 101 near the intersection. "This Volkswagen was also making a left-turn and * * * when the light turned green, the Volkswagen pulled on out into the intersection on up past the center line

and started to make his left-turn and our car proceeded forward also and just after the Volkswagen started his left-turn, I observed this 1958 Chevrolet bearing down towards us at a fast rate of speed. * * * (W)e stopped our car and at that time the Chevrolet hit the Volkswagen, swung it around and knocked it between 30 to 50 feet back towards us over to the side. * * * When I first saw the oncoming Chevrolet it was approximately 400 feet westwardly of the west side of the intersection of those highways. * * * I observed the oncoming car all the time from the point where I first saw it * * * and I could see it was traveling at a fast rate of speed. In my opinion the oncoming 1958 Chevrolet was traveling between 50 and 60 miles an hour. * * * The * * * Chevrolet had on dim lights. The oncoming car did not slacken its pace or put on brakes at any time prior to the accident * * *. After the Volkswagen had started to make its left-turn through the southern traffic lane of U.S. 70 it was about 10 feet from the * * * corner of the intersection when it was struck."

The defendant testified: "I noticed a car in the left-hand turn lane of Highway No. 70 west and I pulled up and I kept on going. I had the green light. I was in the right-hand lane of traffic. I passed through this intersection three or four times a day. I thought he would pull up and stop. I kept on going and when I got closer to him, I saw he wasn't going to stop but it was too late then for me to stop."

At the close of plaintiff's evidence the defendant moved for judgment. as of nonsuit and the motion was allowed and the case was tried on the defendant's counterclaim. The plaintiff appeals from the judgement of nonsuit and also assigns error in the trial on the counterclaim.

*Barden, Stith & McCotter, James R. Sugg for appellant.*
*Dunn & Dunn for appellee.*

DENNY, C.J.  A careful examination of the evidence introduced in the trial below leads us to the conclusion that the plaintiff's evidence was sufficient to require its submission to the jury, and we so hold.

The evidence adduced in the trial below tends to show that when the plaintiff first entered the intersection traveling in a westerly direction, the defendant's car was traveling east on U.S. Highway No. 70 at a point approximately 900 feet west of the intersection, and when the plaintiff turned the Volkswagen automobile to the left, within the intersection, the defendant's car was still about 400 feet west of the intersection. The defendant testified that he saw the plaintiff's car while it was "in the left-hand turn lane"; that he thought the plaintiff would pull up and stop; that he kept on going; that he had the green light and when he saw the plaintiff was not going to stop it was too late for him to stop.

When the driver of a motor vehicle, upon approaching a street intersection, is faced with a duly maintained electrically controlled traffic signal showing green, he is warranted in moving into the intersection unless the circumstances are such as to indicate the necessity for caution to one of reasonable prudence. However, even though a driver is faced with a green light, the duty rests upon him to maintain a reasonable and proper lookout for other vehicles in or approaching the intersection. *Cox v. Freight Lines*, 236 N.C. 72, 72 S.E. 2d 25.

In the case of *Hyder v. Battery Co.*, 242 N.C. 553, 89 S.E. 2d 124, this Court said: "The duty of a driver at a street intersection to maintain a lookout and to exercise reasonable care under the circumstances is not relieved by the presence of electrically controlled traffic signals, which are intended to facilitate traffic and to render crossing less dangerous. He cannot go forward blindly even in reliance on traffic signals. 4 Blashfield, p. 244. The rule is well stated in 60 C.J.S., 855 as follows:

" 'A green traffic light permits travel to proceed, and one who has a favorable light is relieved of some of the care which otherwise is placed on drivers at intersections, since the danger under such circumstances is less than if there were no signals. However, a green "go" light or signal is not an absolute guarantee of a right to cross the intersection solely in reliance thereon, without the necessity of making any observations and without any regard to traffic *conditions at, or to other persons or vehicles within, the intersection.* A green or "go" signal is not a command to go, but a qualified permission to proceed lawfully and carefully in the direction indicated. In other words, notwithstanding a favorable light, the fundamental obligation of using due and reasonable care applies.' (Emphasis added).

" 'The fact that the operator of a motor vehicle may have a green light facing him as he approaches and enters an intersection where the traffic is regulated by automatic traffic control signals, does not relieve him of the legal duty to maintain a proper lookout, to keep his vehicle under reasonable control. * * *' *Cox v. Freight Lines, supra* (236 N.C. 72, 72 S.E. 2d 25)." *Bass v. Lee*, 255 N.C. 73, 120 S.E. 2d 570; *Shoe v. Hood*, 251 N.C. 719, 112 S.E. 2d 543; *Williams v. Funeral Home*, 248 N.C. 524, 103 S.E. 2d 714; *Funeral Service v. Coach Lines*, 248 N.C. 146, 102 S.E. 2d 816.

Plaintiff's assignment of error No. 20, challenging the correctness of the court's ruling in sustaining the defendant's motion for judgment as of nonsuit at the close of plaintiff's evidence, is sustained.

Even if the court had been warranted in sustaining the defendant's motion for judgment as of nonsuit, the plaintiff would be entitled to a new trial on the defendant's cross action or counterclaim. For example;

plaintiff's assignment of error No. 28 is to the instruction of the court on the second issue with respect to the defendant's contributory negligence. On this issue the court charged the jury as follows: "Again the court instructs you (this was the third time the court gave the equivalent of this instruction) that if the plaintiff has satisfied you from the evidence and by its greater weight that the defendant was operating his car at a speed greater than that allowed by law, greater than 35 miles per hour, then the court instructs you that the defendant would be negligent and if you further find that such operation, such speed was one of the proximate causes of the collision it would be your duty to answer the second issue no." This instruction was erroneous; consequently, assignment of error No. 28 is likewise sustained.

Therefore, the judgment as of nonsuit on the plaintiff's cause of action in the court below is reversed, and the verdict and judgment on the defendant's cross action or counterclaim are set aside and a new trial is ordered.

New trial.