DOROTHY M. WRENN v. HERBERT G. WATERS

No. 7010SC232

(Filed 15 July 1970)

1. **Automobiles § 19— entering intersection on green light — applicable law**

    An instruction that a driver entering an intersection on a green light must exercise the care that a reasonably prudent person would exercise under the circumstances, taking into consideration the possibility that someone might come into the intersection in violation of the red light, *held* without error.

2. **Automobiles § 19— duty of motorist approaching intersection controlled by automatic signals**

    A motorist approaching an intersection controlled by automatic traffic signals is not relieved of the legal duty to maintain a proper lookout to ascertain the traffic conditions and whether there are other persons or vehicles within the intersection.

3. **Appeal and Error § 50; Negligence § 38— instruction on contributory negligence — burden of proof — harmless error**

    An inadvertent instruction on contributory negligence that the plaintiff had the burden to satisfy the jury that her negligence was one of the proximate causes of her injuries, *held* not prejudicial to the plaintiff, where the trial court in other portions of the charge correctly placed the burden of proof on the defendant.

APPEAL from *Carr, J.,* December 1969 Civil Term, WAKE Superior Court.

This is a civil action instituted by the plaintiff, Dorothy M. Wrenn, to recover for personal injuries sustained on 24 September 1968 as the result of a collision between automobiles driven by plaintiff and defendant, Herbert G. Waters. The evidence at the trial tended to show the facts to be as follows: On 24 September 1968 the plaintiff was traveling in a westerly direction on New Bern Avenue in the City of Raleigh, North Carolina. At this same time the defendant was approaching New Bern Avenue from the south on Tarboro Road. New Bern Avenue is a major traffic artery for the City of Raleigh and at the point where the collision occurred there are five traffic lanes with three of the lanes being used for westbound traffic. The two motor vehicles collided in the intersection. There was evidence that each driver entered the intersection on a green traffic light.

The case was submitted to the jury on the issues of negligence, contributory negligence and damages. The jury found that the plaintiff was guilty of contributory negligence, and from the judgment entered on the verdict, the plaintiff appealed.

*Smith, Leach, Anderson and Dorsett, and Hollowell and Ragsdale, by William L. Ragsdale, for the plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey and Clay, by Ronald C. Dilthey, for the defendant appellee.*

HEDRICK, J.

All of the appellant's assignments of error relate to the judge's instructions to the jury on the issue of contributory negligence.

[1] First, the appellant contends that the court failed to properly instruct the jury as to the legal duty of a motorist entering an intersection on a green light.

In this respect, Judge Carr instructed the jury as follows:

"The law requires a driver to exercise due care in entering an intersection, even though she is entering on the green light. She must exercise the care that a reasonably prudent person would exercise, under the circumstances, taking into consideration the possibility that someone might come in the intersection in violation of the rule, coming in the intersection on the red light."

Wrenn v. Waters

[2] In North Carolina a motorist approaching an intersection which is controlled by automatic traffic control signals is not relieved of the legal duty to maintain a proper lookout to ascertain the traffic conditions and whether there are other persons or vehicles within the intersection. *Beatty v. Bowden,* 257 N.C. 736, 127 S.E. 2d 504 (1962); *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25 (1952). This assignment of error is overruled.

[3] Finally, the appellant contends that the court failed to properly and adequately define contributory negligence and proximate cause, that the court placed unequal stress on the contentions of the defendant, and that the court committed prejudicial error when it instructed the jury that the burden was on the plaintiff to satisfy the jury that her negligence was one of the proximate causes of her injuries. These contentions are without merit. The record is clear that when Judge Carr began to instruct the jury on this issue he stated in precise language that the burden of proof rested on the defendant to show the negligence of the plaintiff. Just prior to making that statement he began by instructing the jury that the defendant was charged with showing the plaintiff's negligence by the greater weight of the evidence. Finally, in concluding his instructions to the jury he again repeated that the defendant had to prove the plaintiff's negligence by the greater weight of the evidence. It is apparent from the foregoing that Judge Carr inadvertently substituted the plaintiff for the defendant in that portion of the charge complained of. In view of the other portions of the charge which correctly placed the burden of proof on the issue of contributory negligence on the defendant, we do not believe that the plaintiff could have been prejudiced by the instruction.

When the charge is considered contextually, it is clear that the court properly and adequately defined contributory negligence and proximate cause as it related to the second issue. We do not find that the court placed unequal stress on the contentions of either party, and that the court did in fact declare and explain the law arising on the evidence.

We have reviewed the court's charge to the jury in the light of the appellant's assignments of error, and it is our opinion that the plaintiff had a fair trial free from prejudicial error.

No error.

BROCK and BRITT, JJ., concur.